(No. 36364.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. EUGENE HOLT, Plaintiff in Error.

*Opinion filed September 28, 1962.*

PHILIP M. BLOOM, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant Eugene Holt was convicted of armed robbery in a bench trial in the criminal court of Cook County and was sentenced to the penitentiary for a term of not less than two nor more than seven years. On this writ of error defendant contends the evidence was insufficient to establish his guilt beyond a reasonable doubt.

Willie Winters testified that at about nine o'clock on the evening of December 19, 1959, he was walking with a companion at the northeast corner of Sixteenth St. and

Homan Ave. in Chicago when a man stuck a gun in his back. The man said he was a policeman and ordered Winters and his companion to back up against a wall. Winters could see him in the light from a corner street light. He ordered Winters into a doorway and took five one-dollar bills from him. The man fled and was apprehended at the corner by several men who apparently saw the robbery. A policeman arrested defendant and was given a gun which he was told had been taken from the prisoner. Winters positively identified the defendant as the man who robbed him. Five one-dollar bills were found in defendant's overcoat pocket.

Defendant testified in his own behalf. He said that he never carried money in his overcoat but that he kept it in his inside coat pocket. His wife testified as to the amount and denomination of the money that he had when he left home earlier in the evening but she was contradicted by defendant's own testimony. Each said he had more bills than the police found. Defendant denied all knowledge of the crime and stated that he was merely waiting for a bus to return home to his wife after having had a few drinks at a nearby tavern.

The positive testimony of one credible witness is alone sufficient for a conviction even though it is contradicted by the defendant. (*People* v. *Cox*, 22 Ill.2d 534; *People* v. *Tunstall*, 17 Ill.2d 160.) Where a jury is waived, the credibility of the witnesses and the weight to be given their testimony is for the trial judge who saw and heard them testify. (*People* v. *Cox*, 22 Ill.2d 534; *People* v. *Arnold*, 2 Ill.2d 192.) The identification of the defendant was positive. Winters had sufficient opportunity to observe defendant in the street light while he faced him with his back to a wall. Winters said five one-dollar bills were taken from him and five were found on defendant. He established that defendant had a gun. The defendant denied com-

mitting the crime. The trial judge resolved this conflict against defendant. From a careful examination of the record, we are of the opinion that the trial judge had ample basis in the evidence to find defendant guilty of armed robbery.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*