(No. 37389.—

The People of the State of Illinois, Defendant in Error, *vs.* Albert Germany, Plaintiff in Error.

*Opinion filed May 27, 1963.*

WILLIAM H. HAZARD, of La Grange, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Albert Germany, was convicted of robbery after a bench trial in the criminal court of Cook County, and was sentenced to the penitentiary for a term of not less than three nor more than eight years. He brings this writ of error to review his conviction.

Defendant first contends that his identity as the perpetrator of the offense charged was not established beyond a reasonable doubt. He was charged with the robbery of a taxi driver. The driver identified defendant from a line-

up of five men two days after the commission of the crime. He again positively identified defendant during the trial. That the driver could not describe every detail of defendant's attire did not vitiate his positive identification. He testified that he saw defendant "hail" him, cross the street, enter the taxi and leave it before robbing him. Although the robbery occurred after dark, the interior of the cab was lighted when defendant entered and left. The identification was positive and therefore sufficient to convict even though contradicted by the accused. *People* v. *Cox,* 22 Ill.2d 534, 539.

Defendant next urges that his alibi testimony established a reasonable doubt as to his guilt. He testified that on the evening of the robbery, he was visiting a friend from 8:30 in the evening until 2:30 the following morning except for an interval of about fifteen minutes between 10:25 and 10:40 P.M. This testimony was corroborated by another defense witness. The robbery took place at approximately 10:45 P.M. Another witness testified for the defense, but she did not see defendant on the evening of the robbery until 11:30 P.M., after the robbery had been committed. It was the function of the trial court to resolve the conflict between the evidence offered by the prosecution and that offered by the defense, and we cannot say that the trial judge erred in ruling as he did. *People* v. *Cox,* 22 Ill.2d 534.

Finally, the defendant contends that the trial court erred in admitting a toy pistol into evidence. When the defendant was arrested, a rifle bolt and the toy pistol were found on his person. With some equivocation, the taxi driver identified the rifle bolt as the object he had mistaken for a gun at the time of the robbery. The rifle bolt was introduced over objection but its admissibility is not questioned in this court. The toy pistol was also introduced into evidence over the defendant's objection. A weapon is admissible into evidence only where there is proof to connect it with the defendant and with the crime. (*People*

v. *Jones,* 22 Ill.2d 592.) No attempt was made to connect the toy pistol with the crime and it should not have been admitted into evidence. In this case, however, a jury was waived, and the case was heard before the trial judge. The admission of the toy pistol in evidence was not so prejudicial to defendant that the error requires a reversal.

After a thorough consideration of the record, we are of the opinion that the judgment should be affirmed.

*Judgment affirmed.*