People of the State of Illinois, Plaintiff-Appellee, v. Charles Hurley and Danny Beavers, Defendants-Appellants.

Gen. No. 68–16.

Second District.

October 9, 1968.

Rehearing denied November 14, 1968.

John T. Beynon, Public Defender, of Rockford, and John McNamara, Assistant Public Defender, for appellants.

William R. Nash, State's Attorney of Winnebago County, of Rockford, and Daniel D. Doyle, Assistant State's Attorney, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendants appeal from a conviction of robbery after a jury trial, and a sentence of two (2) to ten (10) years.

The defendants raise questions on appeal as to the giving of an instruction on "Flight," and as to the identification of the defendants.

There was testimony that on April 30, 1967, at approximately 6:45 p. m. Stephen Saladino was working in his package liquor store, which adjoined a lounge and restaurant, when two men entered. He had noticed them walking around the store and, after a period of time, he had noticed them coming back "hugging the building line." He had also noticed them walking across the street on a previous day. When they came into the store on April 30th, one man, pointed out by Saladino as defendant Hurley, went to the counter and announced "This is a hold up." The other man grabbed Saladino by the throat and a struggle ensued. Saladino worked loose and called for help into the lounge area. The man Saladino identified as defendant Beaver started out the door with three cartons of Lucky Strike Cigarettes, dropping one in the store, and knocking the door glass out when he pushed the front door rather than pulling it.

Saladino's wife came running out of the office and was knocked down by the man still in the store, who then attempted to open the cash register. Saladino chased the man out the store, striking him with wine bottles. The police arrived at this time and Saladino directed the officer to an adjacent alley in the direction he testified he had seen both men go. Two men were observed at the end of the alley, about 450 feet from the Saladino store. The officer was in uniform but in an unmarked car with an unlighted dome light.

Saladino testified that the officer called on the men to halt and one of the men headed toward a garage and

then turned and headed back to the police car, where both men denied the robbery and stated they had purchased two cartons of Lucky Strikes in their possession at a supermart. He noticed blood on their hands. He identified the men to the officer as the same men who had robbed his store.

The officer testified that the defendants ran only a "very few feet" before he halted them. He also testified to the blood on one defendant's hands.

Saladino positively identified both defendants at the trial. Mrs. Saladino could only identify defendant Hurley as the man who knocked her down.

Defendants testified at the trial, denying they were in the store. They explained that whatever movement they made in the alley was before they knew of the identity of the police officer and for the purpose of avoiding being run over.

We find that no reversible error was committed which would justify a reversal of the judgment below.

The point urged by defendants that no lineup was conducted and the pointing out of the excited condition of the witness Saladino and the inability of he and his wife to describe clothing worn by the robbers, in detail, go to the weight of the identification testimony only, and the testimony is not so unsatisfactory that it creates a reasonable doubt of guilt. People v. Tunstall, 17 Ill2d 160, 163, 161 NE2d 300 (1959); People v. Cox, 22 Ill2d 534, 539, 177 NE2d 211 (1961).

Defendants complain of an instruction offered by the People and given over objection.

"PEOPLE'S INSTRUCTION NO. 12.

"The Court instructs the jury that the flight of a person immediately after the commission of a crime, if you find from the evidence that the defendants, or either of them, fled, or after a crime has been committed with which they are charged, is a cir-

cumstance in establishing their guilt, not sufficient in itself to establish guilt, but a circumstance which the jury may consider in determining the probabilities for or against them—the probabilities of their guilt or innocence. The weight to which that circumstance is entitled is a matter for the jury to determine in connection with all the facts called out in the case."

They argue that there is no evidence that defendants "fled" either immediately after the commission of a crime or after a crime had been committed with which they are charged. They further argue that "Flight" should have been further defined so that the jury would have been informed that an intentional evasion was involved.

No instruction further defining "Flight" was tendered by defendants. Moreover, we believe that the word is commonly understood as connoting evasive action rather than a mere leaving of the scene. The evidence was sufficient here to make the instruction applicable even though defendants denied their presence at the robbery scene and explained their movements preceding their arrest in an exculpatory manner. People v. Autman, 393 Ill 262, 266, 65 NE2d 772 (1946); People v. Bielecki, 89 Ill App2d 41, 47, 232 NE2d 238 (1967). Proof of flight did not have to be beyond a reasonable doubt since it was, at most, an incriminating circumstance and not a material element of proof. People v. Alexander, 77 Ill App2d 151, 157, 222 NE2d 172 (1966).

If the jury believed that the defendants were correctly identified as the robbers, then the breaking out of the glass in the door, the movement of first one and then the other of the men to an alley, the finding of the defendants in the alley within minutes, and their actions in the alley which the jury could reasonably infer as evasive

acts, all constituted a connected chain of circumstances showing complicity in the crime. In any event, if the jury believed the identification testimony the jury would not need the circumstances of flight to be convinced that the defendants were the robbers; and if unnecessary, the instruction was not prejudicial. See People v. Agnello, 22 Ill2d 352, 362, 176 NE2d 788 (1961).

The judgment and sentence of the Circuit Court are affirmed.

Affirmed.

ABRAHAMSON, P. J. and MORAN, J. concur.