(No. 34479.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES GRABOWSKI *et al.*, Plaintiffs in Error.

*Opinion filed Nov. 20, 1957—Rehearing denied Jan. 20, 1958.*

EDMUND H. GRANT, of Chicago, for plaintiffs in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, BRUCE E. KAUFMAN, L. LOUIS KARTON, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

Defendants James Grabowski, Eugene Siemek, and James J. Walsh, together with Anthony DeGrado and Richard Fitzgerald were indicted for the crime of robbery of James Arcieri in indictment No. 56-314, and for the crime of robbery of Terrence O'Connell in indictment No. 56-315. Upon these indictments, and upon their plea of guilty thereto in the criminal court of Cook County, James Grabowski was sentenced to not less than one nor more than three years, Eugene Siemek and James J. Walsh were each sentenced to not less than one year and not more than two years. It is from these sentences that these defendants now prosecute this writ of error.

At the same time these same defendants, together with DeGrado and Fitzgerald, were also named in indictments numbered 56-316 and 56-317, each charging assault with intent to rob Donald Stevens and William McGettrick, respectively. To all of these indictments each of the defendants, except Fitzgerald, pleaded guilty. Fitzgerald entered a so-called "provisional or *pro forma*" plea of guilty to each indictment, to be withdrawn if the evidence did not warrant it. The law of Illinois does not recognize a "provisional or *pro forma*" plea. Only pleas of guilty or not guilty are acceptable in criminal courts in this State. (*People* v. *Miller,* 264 Ill. 148.) However, no issue is raised or presentable in this regard in this cause.

Upon receiving these pleas the court before entering judgment on the same admonished each of the defendants of the possible consequence of his plea as far as punishment was concerned. Thereafter the court inquired of each defendant if, after understanding the possible consequences of his plea, he still wished to plead guilty. Each answered in the affirmative. Then the court said to each of them, "I take it you are pleading guilty because you are in fact

guilty?" and each defendant answered, "Yes, sir." The court thereupon entered pleas of guilty as to each of said defendants and judgment was entered thereon.

The court thereupon stated that the defendants having admitted their guilt, it was not necessary to call the witnesses but that he would hear evidence in mitigation and aggravation. He asked if it was agreeable that the evidence be stipulated. Each of the defendants through his counsel stated that it was, if it was understood that each could ask any questions as they deemed necessary of the witnesses in court. Upon being assured that such was to be the procedure the hearing was had. All evidence was presented by stipulation.

The court, after hearing all the evidence, allowed the defendant Fitzgerald to withdraw what was called his provisional plea of guilty and to plead not guilty to each indictment. Thereupon, after signing a jury waiver, the court found him not guilty and he was discharged.

The court also permitted the other defendants to plead guilty to the misdemeanor of assault in indictments 56-316 and 56-317, and be discharged of the intent to rob charged against said defendants.

At the conclusion of the hearing in mitigation and aggravation each defendant made a motion that he be placed on probation. The court promptly denied said motion and proceeded to sentence each of said defendants.

Thereafter, during the same term of court, each defendant made a written motion, supported by affidavit, to vacate and set aside the respective sentences meted out to each of them to withdraw his plea of guilty. The court denied each of these motions and the defendants now sue out their writ of error, contending that they have been deprived of their liberty without due process of law.

The People point out that the motions, and supporting affidavits, upon the denial of which these defendants base

their writ of error, are not incorporated in the bill of exceptions. For this reason they urge that the review is fatally defective. Defendants have filed a motion, taken with this cause, for leave to file an additional or supplemental abstract. A change in the rules of this court obviates the point urged by the People, and makes it unnecessary for us to rule upon defendants' motion. Supreme Court Rule 65—2.

The defendants in their affidavits contend that they were led to believe by their lawyers that if they pleaded guilty to the charge embraced in the indictments they would receive probation, and that they in fact were not guilty.

The defendants argue in their briefs as though there had been a trial, commenting at length concerning the evidence heard by the court, its weight, its failure to prove the defendants guilty, the manner of its reception, and also on the informality of the proceeding.

All of the evidence was received by stipulation and without objection. In addition the evidence was received in mitigation or aggravation of the offenses to which these defendants had knowingly pleaded guilty, and was not heard for the purpose of determining guilt or innocence. The rules of evidence which ordinarily obtain in a trial where guilt is denied do not bind the court in its inquiry in mitigation or aggravation. It may look into the facts of the offense, and it may search anywhere, within reasonable bounds, for other facts which tend to aggravate or mitigate the offense. It is not a trial in the ordinary sense of the word. (*People* v. *McWilliams,* 348 Ill. 333; *People* v. *Vincent,* 394 Ill. 165.) Where the defendant waives a jury trial and pleads guilty and asks for no trial, no issue remains and there is nothing to try. The right to a jury is waived, and with it, of course, the constitutional guaranties with respect to the conduct of criminal trials. A plea of guilty waives any defect not jurisdictional. (*People* v. *Popescue,* 345 Ill. 142.) The proceedings in mitigation and aggrava-

tion in this cause were conducted in a proper manner, and the evidence received violated no rules of evidence in such proceeding.

It is true that the evidence in regard to each of these several indictments against these defendants, charging separate crimes respectively, was heard at the same time. The crimes charged were a series of events upon the same evening and involved these same defendants who prosecute this writ of error. We fail to see any error in hearing all such evidence, as it has been held that where the question of guilt or innocence has been decided by a plea of guilty, then evidence of former crimes may be heard by the trial judge upon hearing in aggravation or mitigation. Even if such evidence were considered improper, which it is not, the presumption of regularity obtains. In a hearing before the court without a jury, the court is supposed to disregard all evidence heard except that which is competent and relevant, and is considered to possess such legal discernment when determining the degree of punishment. *People* v. *Popescue*, 345 Ill. 142.

Defendants urge that the court erred in refusing to permit these defendants to withdraw their pleas of guilty and to enter pleas of not guilty, and to then be tried by a jury. Defendants were fully and fairly apprised of the nature of the proceedings and the full consequences of their pleas. Nevertheless they persisted in their pleas despite the admonitions of the court. There is no evidence or complaint that the court, the State's Attorney, or anyone else in a position of authority misrepresented the law or the consequences of such pleas. Nothing indicates that these defendants were misinformed as to their rights or were under any disabilities. Neither does it appear that these defendants have any defense worthy of consideration by a jury.

Where an accused, with full understanding, pleads guilty to an indictment, it is discretionary with the court whether

the plea will be permitted to be withdrawn and a plea of not guilty substituted therefor. The mere fact that an accused, knowing his rights and the consequences of his act, hoped or believed he would receive a shorter sentence or a milder punishment, or some other favor, by entering a plea of guilty, than that which might be his lot after trial and conviction by a jury, presents no grounds for the withdrawal of the plea of guilty. (*People* v. *Hancasky,* 410 Ill. 148.) Upon the facts as presented here we cannot say that the court abused its discretion in refusing to permit the withdrawal of their pleas by these defendants.

Defendants contend that they were improperly represented by counsel in permitting alleged incompetent and improper evidence to be heard by the court, and in stipulating to the facts in these causes. All of the cases cited to the court by the defendants are cases wherein the fact of guilt or innocence is an issue. The hearing in this cause was in mitigation or aggravation of the offense, for the purpose of determining punishment and, as decided above, the technical rules of evidence do not apply. The jealousy with which the courts guard the rights of an accused in a trial wherein he professes innocence, is relaxed upon a plea of guilty. Counsel for each of these defendants were of defendants' own choosing and we cannot, upon full review, say that they failed to guard these defendants' rights in this kind of hearing.

We have carefully considered all of the varied arguments presented by these defendants and we find them to be without merit. The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*