(No. 34726.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VERNON KNAPP, Plaintiff in Error.

*Opinion filed January 23, 1959.*

HOMER C. GRIFFIN, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago,

(FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff in error, herein referred to as defendant, was indicted and tried in the criminal court of Cook County for the crime of incest. The indictment charged that the defendant was the father of Verna Y. Knapp and that he did unlawfully, feloniously, rudely and licentiously cohabit with, and have carnal knowledge of the body of Verna Y. Knapp, on the 3rd day of July, 1956.

The defendant entered a plea of not guilty, waived a jury trial, and after a hearing by the court, was found guilty of the crime of incest in the manner and form charged in the indictment and sentenced to the State penitentiary for a term of not less than 12 nor more than 16 years.

The lower court denied motions for a new trial and arrest of judgment, as well as a motion for probation. The defendant has brought this writ of error to review the trial court record resulting in his conviction.

Verna Y. Knapp, in her testimony, described the series of events that happened in the home of the defendant on July 3, 1956. By her testimony, it is indicated that her mother was on the particular date in question vacationing in the State of California and, while there is some conflict as to the whereabouts of the defendant on the morning of July 3, it seems to be unquestionably established that the defendant was at the home in the afternoon of July 3, 1956, and on that date, at a time not definitely established, the defendant did, according to the testimony of his 12-year-old daughter, take the daughter into a bedroom and there commit an act of unnatural and perverted copulation. The time, according to the testimony of this witness, was approximately four o'clock P.M.

In addition to the prosecutrix, the defendant's wife testified, relating that upon her return from California on July 12, Verna had told her essentially the same story that she testified to in the trial; and, in addition, Edna Knapp, another daughter of the defendant, who was 15 years old at the time of the trial, appeared on behalf of the State and corroborated testimony of the prosecutrix to acts of incest at times earlier than the one charged in the indictment.

Witnesses testified on behalf of the defendant, apparently in an effort to establish an alibi by attempting to place the defendant somewhere other than in his residence at the time of the alleged occurrence. These witnesses all related a similar story, but the undisputed evidence, even based upon the witnesses who testified for the defendant in an effort to establish his alibi, is that the defendant was in his home on July 3, and was there at approximately the hour when the alleged offense occurred. Thus, it appears by the corroborated testimony of the defendant's own witnesses that he was at the place at the time when the prosecutrix testified that the crime with which the defendant is charged was committed.

It is first urged by the defendant that, since the prosecutrix is a minor and there was no direct evidence of his guilt other than her testimony, the conviction should be set aside.

The present case is not one in which the defendant was convicted on the uncorroborated testimony of a minor child. Here the record discloses that the testimony of the child is corroborated by the mother, and Edna Knapp, who was 15 years old at the time of the trial, corroborated the testimony of the prosecutrix to acts of incest committed by the defendant at times earlier than the one charged in the indictment.

The defendant makes the further contention that the evidence in this case is insufficient to sustain a conviction of incest.

The crime of incest is a statutory crime, and the statute defining the crime of incest of father with daughter, provides: "If a father shall rudely and licentiously cohabit with his own daughter, the father shall be imprisoned in the penitentiary for a term of not less than one year and not exceeding twenty years." (Ill. Rev. Stat. 1957, chap. 38, par. 374.) In the case of *People* v. *Burke,* 400 Ill. 240, we held that the term "cohabit," as used in that statute, meant living together as man and wife and to mean any sexual intercourse, and that the term "carnal knowledge," as used in the indictment in that case and as used in count 1 of the indictment in this case, meant bodily connection and is synonymous with "sexual intercourse."

The evidence in this case is to the effect that the offense established on the date referred to in the indictment was an act that would sustain a conviction for the crime of sodomy or a crime against nature. In the *Burke case,* it was not necessary for the court to determine the specific question here presented and, while it is true that carnal knowledge includes sexual intercourse, that is not all that the term includes. As stated in *People* v. *Battilana,* (Cal. 1942) 126 P.2d 923: "It is our opinion that sodomy may not be committed without experiencing carnal knowledge of the victim. (8 R.C.L. 335, Par. 166.) The word 'carnal' is derived from the Latin word meaning flesh. It is defined in The New Universities Dictionary at page 137, as 'Pertaining to the body, its passions and its appetites; animal; fleshly; sensual; impure.' * * * Certainly that definition covers carnal knowledge of the body of another person by either natural or unnatural copulation." Further, in the case of *State* v. *Schwartz,* 215 Minn. 476, 10 N.W.2d 370, it was held that, while the term "carnal knowledge" usually signifies sexual intercourse and the term "sodomy" involves abnormal and perverted sexual relations, both involve carnal knowledge of the victim. It is our opinion that the incest statute under which the

defendant was indicted and tried does not limit guilt to acts of sexual intercourse between father and daughter, but stretches beyond such limitations.

The gravamen of the crime of incest, as of sodomy, is the unlawful carnal knowledge of the body; and where the unlawful carnal knowledge of the body, even though abnormal and perverted, is coupled with the relationship of father and daughter, it is within the incest statute here involved, and it is incest, even though the carnal knowledge is of a sort to invoke the statutory definition of a crime against nature.

There is no merit in the contention of the defendant that prosecution under the incest statute for the crime here involved is precluded for the reason that his acts are a basis for prosecution for some other crime defined by statute and violates the constitutional prohibition against double jeopardy. First, where the offenses are distinct in law, the defense of former jeopardy is not available, regardless of how closely the offenses are connected in point of fact; and, secondly, the question of a defendant being twice put in jeopardy for the same offense would not be presented for determination except in the event of an attempted subsequent prosecution for some other offense involving the criminal acts here involved which is not the case here. *People* v. *Flaherty,* 396 Ill. 304.

The further contention of the defendant that the closing argument of the State's Attorney contained inflammatory or prejudicial remarks of such a nature as to constitute reversible error is without merit. This contention is based upon an assertion by the defendant that the State's Attorney implied that he was arrested in a tavern and not at his home, and that the reference to the location of arrest being in a tavern would prejudice the court against the defendant. While that portion of the argument objected to has not been abstracted and the point cannot be urged for that reason (*People* v. *Reno,* 324 Ill. 484), a review

of the entire argument as disclosed by the record does not reveal any prejudicial or improper argument in the remarks of the State's Attorney. It is difficult for us to believe that the defendant can think that an experienced trial judge would be prejudiced by reference to the place of arrest, and since this is a trial by the court without a jury, the remarks complained of cannot be considered to be either prejudicial or inflammatory and, in any event, would be excluded from consideration by the trial court. *People* v. *Grabowski,* 12 Ill.2d 462.

The judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*