(No. 35181.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERNEST S. RICHARDSON, Plaintiff in Error.

*Opinion filed September 24, 1959.*

GEORGE STANLEY RIEG, JR., of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY and EDWARD J. HLADIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

Ernest S. Richardson, after waiving trial by jury, was found guilty of taking indecent liberties with his seven-year-old daughter and contributing to her delinquency. He was sentenced to imprisonment in the penitentiary for a term of not less than two nor more than ten years. On this writ of error he contends that the evidence was insufficient to sustain a conviction and that he was deprived of his consti-

tutional right to due process and equal protection of the laws. He further says that he was deprived of his right to a speedy trial, (Ill. Rev. Stat. 1957, chap. 38, par. 748,) and alleges incompetency of counsel. He also charges that the trial court erred in the admission of certain evidence.

The defendant insisted upon representing himself although the court carefully apprised him of his rights and offered to appoint the public defender or some other attorney through the facilities of the Chicago Bar Association. He finally accepted the assistance of the public defender after the trial had commenced on the condition that he would conduct his own defense and that the public defender was to act in an advisory capacity only.

The record discloses that on May 17, 1955, the defendant was living in an apartment at 2346 Kedzie Avenue in Chicago with his wife and four children. About midnight he took his wife to the hospital where she was delivered of their fifth child. A neighbor lady stayed with the children while he was gone. He did not return to see his wife until June 15, 1956. On that visit he was drunk and his wife had him arrested for disorderly conduct. One of the arresting officers learned from defendant's seven-year-old daughter that on May 17, 1955, the night his wife went to the hospital, he had committed indecent acts against his daughter. He was questioned by the assistant State's Attorney in the presence of two policemen and he there confessed to have committed indecent acts against his daughter twice during the month of May, 1955. The confession was taken in shorthand, transcribed and signed by the defendant.

The daughter's testimony was clear and positive, both on direct and cross-examination, and revealed a vivid recollection of the obscenities committed upon her and the circumstances under which they occurred. The defendant does not attempt to point out any inconsistencies in his daughter's testimony, nor in what particular it fails to be clear and convincing. In fact, he did not challenge her account

during the course of his cross-examination. He contents himself largely with directing attention to the long lapse of time between the occurrence and his daughter's incriminating statements as to his conduct. He also points out that a year before she had made a false accusation against him and her school teacher.

The lapse of time is understandable. First, there would be a natural reluctance on the part of the prosecutrix to talk about the vile acts. Such reluctance would be manifestly greater since the perpetrator was her own father, to whom she naturally looked for guidance. Second, she told the story immediately following the return of her father. It is understandable that the girl would make no complaint of her father as long as he was not home, since there would be no repetition of the indecent acts. However, as soon as he returned it would be natural for the girl to realize the precarious situation and to make her complaint at that time. The false story attributed to the daughter appears to have been something said in a teasing way about her father and her teacher. In any event, it must be remembered that where a jury is waived, the credibility of the witnesses, the weight to be given their testimony and inferences to be drawn therefrom are for the trial court who saw and heard the witnesses testify. (*People* v. *Arnold,* 2 Ill.2d 92.) This court will not set aside a conviction depending upon the weight of the evidence except to prevent apparent injustice. (*People* v. *Pride;* 16 Ill.2d 82; *People* v. *Viti,* 408 Ill. 206.) From a careful consideration of the evidence we are of the opinion that the court was justified in believing the girl's story.

While this court has expressed some reluctance to permit a conviction to stand on the uncorroborated testimony of a prosecuting witness in a case of this nature, (see: *People* v. *Martin,* 380 Ill. 328; *People* v. *Pazell,* 399 Ill. 462;) we have said that where such testimony is clear and convincing it is sufficient to sustain a conviction although

the testimony is not corroborated. (*People* v. *Williams*, 414 Ill. 414; *People* v. *Halteman*, 10 Ill.2d 74.) In this case we are not called upon to make such a determination.

We have before us the confession of the defendant which corroborated the statement of his daughter in practically every detail. He does not assign as error the admission of the confession in evidence, but attempts to discount its corroborative weight by arguing that it was given only after threats of violence and promise of leniency. The trial judge heard the testimony of the defendant's wife, the arresting officer, the assistant State's Attorney, the court reporter and the defendant's counsel concerning the circumstances surrounding the confession before admitting it into evidence. The trial court's decision on admissibility of a confession will not be disturbed on review unless manifestly erroneous. (*People* v. *Townsend*, 11 Ill.2d 30; *People* v. *Lindsay*, 412 Ill. 472; *People* v. *Varela*, 405 Ill. 236.) We do not find such error in the admission of the confession. It was voluntarily given and is evidence of a high and convincing character. *People* v. *Thomlinson*, 400 Ill. 555; *People* v. *Popescue*, 345 Ill. 142.

The defendant asserts that it was error to refuse the request of an alibi witness, who was then on the stand, to ask the defendant a question. The defendant made no objection to this refusal nor made any effort to confer with the witness. He now contends that he had the right to consult with the witness in order to establish his alibi. We see no merit to this contention. It was within the discretion of the trial court to refuse the witness's request in order to preserve decorum in his courtroom and maintain respect for judicial proceedings. (*People* v. *Arnold*, 248 Ill. 169.) The fact that he was appearing *pro se* cannot be used as an excuse for having failed to request an adjournment or to object to the court's ruling, particularly since he had an attorney sitting with him who was ready to advise.

The trial court properly refused to discharge the de-

fendant for alleged failure to prosecute within the four-month period provided by the statute. The defendant was arrested on June 14, 1956, arraigned on July 18 and trial was set for September 11, 1956. Several continuances were necessary in order to consider defendant's motions for a bill of particulars, a polygraph test and a sanity hearing. Each continuance was agreed to by the public defender appointed to represent him, and he agreed in person to the continuance to November 26, 1956. The operation of the statute was suspended in each instance, either by defendant's own action or agreement, and therefore he was not entitled to a discharge since the four-month period began to run on November 26 and the trial on January 2, 1957, was timely. *People* v. *Niemoth,* 409 Ill. 111; *People* v. *Stillman,* 391 Ill. 227.

The defendant complains of the admission of certain evidence. His daughter was permitted to testify without objection to an act of taking indecent liberties on May 19, 1955, two days subsequent to the date of the alleged crime. As a general rule an accused may not be convicted of an offense upon proof that he committed another offense, but there are exceptions to the rule. In indecent liberties cases, separate offenses with the same child are competent to show the relationship of the parties and is evidence of the intent with which the act was done. (*People* v. *Kerney,* 413 Ill. 404.) This is true whether the other act occurred before or after the one for which the defendant was indicted.

The defendant also charges that it was error for the court to permit the introduction of evidence showing that the defendant had been guilty of similar practices upon other girls. While the defendant was on the stand he endeavored to introduce into evidence a document prepared by himself. The trial court ruled it to be argumentative and it was excluded. The court then summarized the charges and interrogated the defendant. In response to the court's questions of why he left his wife on May 20 and never

lived with her thereafter, the defendant said that the police took him from his home on that day and further stated: "On complaint of a little girl, she said I molested her." The court replied, "Oh." The defendant then testified that on May 23 he was sentenced to one year in the house of correction. Upon reading the record it seems apparent that the reason given for leaving his home was entirely unexpected by the court and that the information as to the charge and sentence was volunteered. (Cf. *People* v. *Pride,* 16 Ill.2d 82.) The extent of examination by a trial judge is largely discretionary. (*People* v. *Trefonas,* 9 Ill.2d 92; *People* v. *Giacomino,* 347 Ill. 523.) We are of the opinion that under the circumstances the trial court did not abuse his discretion by interrogating the defendant. The necessity for examination by the court was caused largely by his insistence that he defend himself.

In addition to the other errors the defendant raises the question of incompetency of counsel. He was carefully warned by the court that he should choose counsel or accept counsel appointed by the court. As heretofore noted, he refused to do so but only permitted counsel to sit by in an advisory capacity. A competent defendant has the right to conduct his own defense without the assistance of counsel. (*People* v. *Ephraim,* 411 Ill. 118; *People* v. *Burson,* 11 Ill.2d 360.) When the defendant exercised that right, he assumed the responsibility for his decision. A defendant is responsible if the counsel of his choice does not properly defend him, (*Mitchell* v. *People,* 411 Ill. 407,) except where counsel is flagrantly incompetent. (*People* v. *De Simone,* 9 Ill.2d 522.) This principle must be applied to a competent defendant who insists upon defending himself. To hold otherwise would make a mockery of judicial process, since a defendant could elect to defend himself and then secure a reversal because of his own incompetency. The trial was orderly, the defendant appeared to be above average intelligence and the various motions prepared and presented by

him demonstrated considerable skill. Furthermore, since this case was tried by the court, there is a presumption that he considered only competent evidence in reaching his decision. (*People* v. *Grabowski,* 12 Ill.2d 462; *People* v. *Knapp,* 15 Ill.2d 450.) Under the circumstances we cannot agree with the contention that incompetency of counsel warrants reversal. For the reasons heretofore assigned, we find no violation of the defendant's constitutional rights.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*