(No. 35686.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLIFTON COX, Plaintiff in Error.

*Opinion filed September 22, 1961.*

James D. Murphy, Jr., of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and John T. Gallagher and William L. Carlin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

Defendant Clifton Cox was indicted jointly with two other men in the criminal court of Cook County for armed robbery. He waived his right to trial by jury and was tried separately. The court found him guilty and sentenced him to the penitentiary for a term of not less than two nor more than ten years. He now prosecutes this writ of error.

Harry Alop, the victim of the armed robbery, testified that at about 4:30 P.M. on January 13, 1959, he picked up three men in his taxi in the vicinity of 1400 West Madison

Street in Chicago. He drove them to the High Hat Club in Cicero. When they arrived at about 5:00 P.M., they asked him to stop around the corner. Alop positively identified the defendant as the one who opened the left front door of the taxi and took his keys and money. While the defendant fled, the other two men beat him and cut him with a knife. Alop further testified that he identified the defendant and his two co-defendants at a police line-up the following day.

Patrolman Vos arrived at the scene while the co-defendants were beating Alop. Vos found a penknife under the right floor board of the taxi.

Testifying in his own behalf, the defendant denied knowledge of and participation in the crime. He said he did not know one of the co-defendants and that he had had "trouble" with the other. As an alibi, he asserted that he had been in a number of West Madison Street taverns between 3:00 P.M. and 5:00 P.M. on January 13. Although he said several persons whom he knew saw him during those two hours, only one witness testified in his behalf. The alibi witness merely placed him at the approximate time and place at which the taxi driver said he picked up the three men. The defendant admitted he made no comment upon hearing the co-defendants implicate him by their statements but stated that he had previously been told by a police officer to "shut up."

The defendant first contends that he was denied the right to have counsel of his choice appointed by the court. He wanted a certain attorney from the staff of the public defender. The court ascertained that this attorney was not available and ruled that the trial should proceed with the assistant public defender who was present.

The Criminal Code provides, "Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court

shall assign him competent counsel  *  *  *." (Ill. Rev. Stat. 1959, chap. 38, par. 730.) Section 4 of the Public Defender's Act (Ill. Rev. Stat. 1959, chap. 34, par. 5604) provides, "The Public Defender, as directed by the court, shall act as attorney and counsel-at-law,  *  *  * for all persons who are held in custody or who are charged with the commission of any criminal offense, and who the court finds are unable to employ counsel. Any court may, with the consent of the defendant, appoint counsel, other than the public defender, and shall so appoint if the defendant shall so demand  *  *  *."

While section 4 of the Public Defender's Act gives an indigent defendant the right to choose whether he will be represented by the public defender or some other court-appointed attorney, the section does not give such defendant a right to choose a certain member of the public defender's staff.

In addition, this court has provided by Rule that where the defendant upon conviction shall, or may, be punished by imprisonment in the penitentiary and is unable to employ counsel, the court shall appoint counsel to represent him. (Ill. Rev. Stat. 1959, chap. 110, par. 101.26.) Thus, while the legislature and this court have given indigent defendants the right to be represented by competent counsel, it does not follow that they have the right to choose such appointed counsel.

The right to choose appointed counsel would not assure an indigent defendant better representation and would raise many practical problems. We hold therefore that an indigent defendant does not have the right to choose his court-appointed counsel. The trial court properly ordered the cause to proceed.

The defendant next contends that appointed counsel was incompetent. This contention is based on decisions recognizing that the incompetence of counsel may be such as to

deny a defendant the fair trial that is contemplated by provisions of the State and Federal constitutions. The question of whether a defendant was adequately represented by competent counsel must be answered solely from the circumstances of each particular case (*People* v. *Francis*, 356 Ill. 74) ; and in order to sustain his position the defendant must clearly establish actual incompetency of counsel and substantial prejudice resulting therefrom, without which the outcome would probably have been different. *People* v. *Morris*, 3 Ill.2d 437.

Defendant makes much of the fact that his counsel permitted Detective Bajovich to recount the victim's identification of the defendant and of the knife used by the co-defendants. We do not place the significance on the failure to object to this testimony that defendant does, because the victim had already testified at length as to these matters. Defendant also complains of the admission into evidence of certain incriminating statements of the co-defendants. The record reveals, however, that his attorney did not object to the admission of these statements. It is also argued that his counsel failed to fully present evidence of defendant's insanity at a sanity hearing but abided by the testimony of the prosecution's psychiatrist that defendant was mentally competent to stand trial. The defendant does not suggest what evidence could have been presented on this issue and we fail to see what else his counsel could have done under the circumstances.

We have carefully examined these and other assertions of incompetence and are of the opinion that the most that can be said of the conduct of defendant's counsel is that he may have made some mistakes. Whatever mistakes were made are such as might be made by any competent counsel and could only be ascertained by benefit of hindsight acquired by careful perusal of the record after trial. They cannot be deemed to have been so prejudicial as to require a reversal of the defendant's conviction.

It is finally argued that the trial court, in admitting incriminating statements made by the co-defendants in defendant's presence as admissions by silence, committed prejudicial error because the defendant had been told by the police to "shut up." Since this case was tried by the court, there is a presumption that he considered only competent evidence in reaching his decision. (*People* v. *Richardson*, 17 Ill.2d 253; *People* v. *Grabowski*, 12 Ill.2d 462; *People* v. *Knapp*, 15 Ill.2d 450.) Furthermore, the trial judge in commenting on the evidence when he entered his judgment of guilty clearly indicated that he gave little or no weight to the co-defendant's statements, but relied on the positive identification of the complaining witness. Under these circumstances the admission of these statements, if error, was not prejudicial.

We have held that the testimony of one witness alone, if it is positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. (*People* v. *Tunstall*, 17 Ill.2d 160; *People* v. *Pride*, 16 Ill.2d 82; *People* v. *Arnold*, 2 Ill.2d 92.) The identification of the defendant was positive. The complaining witness had ample opportunity to observe the defendant as he entered the taxi and in the rear view mirror during the half-hour ride to Cicero. At the time of the robbery, he could observe the defendant in the light which was turned on when the taxi door was opened. He subsequently identified defendant in a police line-up and in open court.

The alibi evidence presented by the defendant is in direct conflict with the evidence of guilt offered by the victim. The solution of that conflict rests squarely in the credibility of the witnesses. Where, as here, a jury is waived, the credibility of witnesses and the weight to be given their testimony is for the trial court who saw and heard the witnesses testify. (*People* v. *Arnold*, 2 Ill.2d 92; *People* v. *Viti*, 408 Ill. 206; *People* v. *Langer*, 384 Ill. 608.) The trial court resolved the conflict in testimony against the

defendant. From a careful consideration of the record we cannot say that the court was unjustified in his evaluation of the evidence and in finding the defendant guilty.

The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*