(No. 40986.- ■■■■■■

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RONALD R. MULACK, Appellant.

*Opinion filed September 24, 1968.*

430

Ward, J., took no part.

Albert H. Beaver, Jr. and Donald G. Mulack, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer G. Kissane and Sheldon M. Schapiro, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

This is an appeal from a conviction in a bench trial of driving while under the influence of intoxicating liquor. Defendant was fined $100 and costs. His theory is that use of "Breathalyzer" tests and "Field Visual" tests violated his constitutional right to counsel under the doctrine of *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.

The defendant was arrested about 4 A.M. after a deputy sheriff observed him driving erratically by spinning his wheels, weaving from lane to lane and making a "U" turn. The officer smelled a strong odor of liquor on defendant and placed him under arrest. He was given various tests including speech, walking, balancing, turning, touching his nose and picking up coins. He did not do well. He took a breatholizer test which showed .145 percent blood alcohol. The arresting officer said that statements were made to him at the time of arrest. A motion to suppress all statements was granted but the motion to suppress the results of the Visual and Breathalyzer tests was denied.

Defendant does not raise the question of whether there was probable cause to stop and arrest him, but contends that the time of taking the tests was a "critical stage" of the proceeding under *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, and that he was not advised of his rights to warning enunciated in *Miranda.* The admittance in evidence of the results of the tests, taken by him under the belief that he was compelled to do so, is asserted to violate his rights to the protection of the fifth amendment against self-incrimination and his guarantee of the rights to assistance of counsel under the sixth amendment and section 9 of article II of our constitution. He asserts that failure to give the *Miranda* warnings: (1) to inform him of his right to remain silent, (2) that anything he said could be used against him in court, and (3) to inform him of his right to consult with an attorney and to have an attorney with him during the "interrogation" rendered the results of the tests inadmissible.

In *Schmerber* v. *California,* 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826, the admittance of a blood test was asserted by the defendant to violate not only the fifth and sixth amendments but also his right against unreasonable search and seizure under the fourth amendment. There the defendant was arrested and taken to a hospital for injuries sustained in an accident. Despite his refusal, on the advice of counsel, to consent to the removal of a blood sample for chemical analysis as to intoxication, blood was taken and results of the test were admitted in evidence at the trial. The Supreme Court held it admissible. In speaking of the fifth amendment claim it was said: "We hold that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature, and that the withdrawal of blood and use of the analysis in question in this case did not involve compulsion to these

ends". (384 U.S. 757, 761.) The court placed the evidence in the category approved in *Holt* v. *United States*, 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2, where a defendant, over his protest, had to put on a blouse that fitted him and that evidence was found admissible. The court went on in *Schmerber* to liken the blood evidence to fingerprinting, photographing, measurements, writing or speaking for identification, assuming a certain stance, walking or making a particular gesture. *Gilbert* v. *California*, 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, citing *Schmerber* and *United States* v. *Wade*, 388 U.S. 218, 18 L. Ed. 2d 1142, 87 S. Ct. 1926, held that the taking of exemplars such as handwriting was not a fifth amendment violation. Appearance in a lineup and uttering certain words was held not to violate the privilege against self-incrimination in *Wade*. These cases further held that the gathering of this type of evidence is not a critical stage in the proceeding entitling an accused to the right to counsel so that it is not a sixth amendment violation.

Most State courts presented with the problem have adopted the view that the *Miranda* warnings apply only to "testimonial" evidence and not to "physical" evidence. (See *State of Washington* v. *Craig* (1965), 67 Wash. 2d 77, 406 P.2d 599; *State of Oregon* v. *Fisher* (1966), 242 Oregon 419, 410 P.2d 216; *State* v. *Kenderski*, 99 N.J. 224, 239 A.2d 249; *State of Delaware* v. *Bliss*, 238 A.2d 848.) We are of the opinion that this is a sound view and it is adopted.

The evidence of the reasons for defendant's erratic driving (to attract a police officer's attention) and his poor showings in the tests because of alleged physical incapacities (stubby fingers, an old back ailment, and nerves) is not impressive. The credibility of the witnesses and the weight accorded to their testimony is for determination of the trial judge and where the evidence is merely conflicting we will not substitute our judgment. (*People* v. *Scott*, 34 Ill.2d 41.)

We cannot say that the evidence did not show defendant to be guilty beyond a reasonable doubt.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.