THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH D. CLIFTON, Defendant-Appellant.

(No. 72-28;

Third District—April 17, 1973.

*Rehearing denied May 24, 1973.*

STOUDER, J., dissenting.

Stuart R. Lefstein, of Rock Island, for appellant.

F. Stewart Merdian, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant Ralph D. Clifton was issued a Traffic Ticket and Complaint which charged him with "Driving While Under Influence of Liquor" in violation of Sec. 11—501 of the Illinois Vehicle Code. Defendant waived jury, was found guilty and was fined $100 plus costs by the Circuit Court of Rock Island County.

■■ Defendant first contends that the complaint fails to charge an offense in that the statutory word "intoxicating" was omitted. This precise point arose in *People v. Haney*, 95 Ill.App.2d 1, where after a thorough discussion the court held that when modified by the phrase, "under the influence of", the word "liquor" must be synonymous with "intoxicating liquor" as that term is used in the statute, and that the complaint sufficiently charged defendant with the conduct prescribed by the statute. We agree.

At the trial held Oct. 29, 1971 a State Trooper testified that on the evening of Aug. 8, 1971 defendant was initially observed driving a motor vehicle which was stopped in front of a tavern in the middle of a four lane roadway, blocking two lanes of traffic. Defendant then attempted to drive his vehicle over the center median. After straddling the median the defendant proceeded down the roadway, weaving across the center lane, causing approaching traffic to take evasive action. After stopping defendant the officer noticed defendant's physical appearance and behavior. There was a strong smell of alcohol, mumbled speech and poor coordination including a stumbling, staggering walk which required the assistance of the officer when defendant was placed in the squad car.

Another state policeman, Cpl. W. G. Waterhouse, testified that he possessed a valid, certified permit authorizing him to administer breathalyzer tests, that he had received such permit after successfully completing a 40 hour course in the instruction of the use of the breathalyzer and that the course was conducted under the auspices of the State Department of Public Health in cooperation with the State Highway Police. The officer further testified that his permit was valid on Aug. 8, 1971 and that he administered a breathalyzer test to the defendant after the defendant had given his consent to such a test. He testified as to each step in the breathalyzer operational check list which was followed before the test was given. The result of the test indicated .21 percent blood alcohol. Defense counsel objected to the admission into evidence of the test on the ground that there was no foundation proof that the test had been performed in accordance with uniform standards of the Department of

Public Health, as required by the statute. On cross-examination Officer Waterhouse testified that he had heard of the "uniform standards" but did not know what they were.

The defendant testified that he had received a head injury and was dizzy and these facts accounted for the erratic driving.

Section 11—501(d) of the Illinois Vehicle Code then provided:

> "(d) Chemical analysis of the person's blood or breath to be considered valid under this Section must be performed according to uniform standards adopted by the State Department of Public Health, in cooperation with the Superintendent of State Police, and by an individual possessing a valid permit issued by that Department for this purpose * * *."

Defendant's argument here is that since there was no testimony concerning the actual "uniform standards" how could the trial court be sure that the test was performed in accordance with them.

■■ The Department of Public Health in cooperation with the Superintendent of State Highway Police did in fact adopt standards effective on and after Sept. 1, 1970. The standards were not in possession of either attorney at the time of trial and no attempt was made to ask that judicial notice be taken. A party desiring to have a fact judicially noticed should bring the matter to the attention of the court, on the record. If he does not, the court of review will not ordinarily judicially notice such fact. *People ex rel. McCallister v. Keokuk & Hamilton Bridge Co.*, 287 Ill. 246.

■■ Evidence of the breathalyzer test was therefore improperly admitted. However, this case was tried before the court without a jury and it is presumed that the judge considered only competent evidence. (*People v. Frenchwood*, 28 Ill.2d 139, 142.) Defendant concedes, "that sufficient testimony was presented by the State, in addition to the breathalyzer test, from which defendant acknowledges a trier of fact could have found the defendant guilty even if the breathalyzer report had been excluded". We are of the opinion that the admission in evidence of the breathalyzer although erroneous, was not of such a prejudicial nature as to require reversal of the judgment of conviction.

The judgment of the Circuit Court of Rock Island County is therefore affirmed.

Judgment affirmed.

ALLOY, P. J., concurs.

Mr. JUSTICE STOUDER dissenting:

I agree with the majority of the court that the testimony regarding the breathalyzer test was incompetent and erroneously admitted by the trial

court. However, the logic of the majority's own reasoning impels me to believe that because of such error this case should be remanded for a new trial.

In support of its reasoning that the error could not be deemed prejudicial, the majority assumes that the incompetent evidence was ignored by the trial court by applying the rule that in a trial before the court without a jury, it is presumed that the trial court has considered only competent evidence. The application of this rule, rather than supporting the propriety of the judgment, has the opposite effect. If the trial court is presumed to have considered only competent evidence, then in this case the court would have to be presumed to have considered the evidence relating to the breathalyzer test, because pursuant to specific objection to such testimony the court found such testimony to be competent. Rather than overruling such objection the majority has found, and I agree, that such objection should have been sustained. If the rule is applied as announced in the majority opinion we would reach the odd conclusion that the trial court is presumed to have disregarded evidence which it specifically believed to be competent, a conclusion with which I disagree. *People v. Frenchwood,* 28 Ill.2d 139, 190 N.E.2d 767, as well as other cases such as *People v. Cox,* 22 Ill.2d 534, 177 N.E.2d 211, *People v. Richardson,* 17 Ill.2d 253, 161 N.E.2d 268, *People v. Grabowski,* 12 Ill.2d 462, 147 N.E.2d 49, and *People v. Knapp,* 15 Ill.2d 450, 155 N.E.2d 565, where this rule is announced, are cases where no objection was made during the trial to evidence later claimed to be incompetent on appeal. I am unaware of any cases in which the trial court has been presumed to have ignored evidence which it specifically declared to be competent.

Although there was other evidence from which it might be inferred that defendant was driving while under the influence of intoxicating liquor, it seems to me that in view of defendant's claim that his erratic driving was the result of a head injury, the testimony regarding the breathalyzer test was not merely cumulative but nearly conclusive on the issue of intoxication. The nature and purpose of scientific evidence, as a breathalyzer test, is such that in many types of cases, such as this one, such evidence has an overwhelming effect and is deservedly considered probative evidence of a high order. Were incompetent evidence of a breathalyzer test presented in a trial before a jury, there is little doubt that such evidence would result in reversible error, and I see no reason for believing other than that the evidence had a similar prejudicial effect in this case. Accordingly, I believe the defendant should be granted a new trial.