THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHARLES E. KISSEL *et al.*, Defendants-Appellees.

Second District   Nos. 2—85—390, 2—85—624, 2—85—811, 2—85—849 cons.

Opinion filed December 8, 1986.

284

James E. Ryan, State's Attorney, of Wheaton (Judith M. Pietrucha and Barbara A. Preiner, Assistant State's Attorneys, of counsel), for the People.

John F. Donahue, of Oak Brook, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

In these consolidated cases the State has appealed contending that the trial judges erred in finding that the implied-consent statute may not be applied to persons who have been arrested for driving while under the influence of intoxicating liquor on private property.

Defendants Robert Doody and James Slezak have not responded with briefs in this court, and we will consider the issues under the standards of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, and the brief filed by defendant Charles E. Kissel.

Each of these defendants was arrested in separate incidents for driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501) while operating their respective motor vehicles in areas which were not public highways, *i.e.*, parking lots of a hotel, apartment house, and a shopping center. Each defendant was also advised by the arresting officer, as is required by the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), that a refusal to submit to chemical testing to determine the alcohol content of his blood would result in the suspension of his driver's license. Defendants Doody and Slezak refused to take a breathalyzer test; defendant Kissel did take it and was found to be legally intoxicated. In these cases, based upon defendants' arguments that the implied-consent statute does not apply to the operation of a vehicle on private property, the trial courts suppressed the evidence relating to the refusal of Doody and Slezak to submit to testing and the results of Kissel's test. The implied-consent hearings were dismissed against each defendant on the grounds urged, and, after trial, the court found

defendant Doody not guilty of the offense of driving while under the influence of alcohol. In none of these hearings was any evidence offered that the defendants had operated their respective vehicles on a public highway at or near to the time of their arrests.

Section 11—501.1(a) of the Illinois Vehicle Code provides:

> "Any person who drives or is in actual physical control of a motor vehicle *upon the public highways of this State* shall be deemed to have given consent, subject to the provisions of Section 11—501.2, to a chemical test or tests of blood, breath, or urine for the purpose of determining the alcohol, other drug, or combination thereof content of such person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as defined in Section 11—501 or a similar provision of a local ordinance." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(a).)

The State agrees that driving upon the public highways is a necessary predicate for application of the implied-consent statute, but contends that, as in these cases, the defendant need not be actually doing so immediately prior to his arrest to be deemed to have consented to alcohol testing. The State argues that the implied-consent statute applies to any person shown to have driven at any time in the past on a public highway, citing *People v. Frye* (1983), 113 Ill. App. 3d 853, 447 N.E.2d 1065, and does not require that a defendant be shown to have actually been on a public highway immediately prior to or at the time of his arrest.

There is language in *Frye* tending to support the State's argument. However, *Frye* also holds that "the implied consent under the statute must be incident to a lawful arrest for driving under the influence of intoxicating liquor" (113 Ill. App. 3d 853, 857, 447 N.E.2d 1065), which, in that case, occurred on a public highway. In the present cases, defendants drove their vehicles and were arrested on private parking lots, and *Frye* must be distinguished on that ground.

In the present cases the trial courts considered that the implied-consent statue requires a nexus between driving upon a public highway at the time of or shortly before his arrest and being subjected to the requirements of the statute at the request of an officer. We agree with that conclusion and reject the State's contrary arguments in these cases.

■ Section 11—501.1(a) of the Illinois Vehicle Code establishes an implied consent to chemical testing on "[a]ny person who drives or is in actual physical control of a motor vehicle upon the public highways of this State." (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(a).) The

implied-consent statute must be contrasted with the allied legislation *regulating* driving while under the influence of alcohol, which provides that "[a] person shall not drive or be in actual physical control of any vehicle *within this State while*: [under the influence of alcohol]." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a).) It has been established that the offense of driving while intoxicated may be committed on private property (*People v. Guynn* (1975), 33 Ill. App. 3d 736, 338 N.E.2d 239; *City of Highland Park v. Block* (1977), 48 Ill. App. 3d 241, 245, 362 N.E.2d 1107; *People v. Clark* (1977), 47 Ill. App. 3d 568, 571-72, 362 N.E.2d 407), as the legislature has not restricted that offense to public highways. The implied-consent statute, however, has been limited in application by the legislature to persons who drive or have physical control of a motor vehicle upon the public highways. Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(a).

The reviewing court considered analogous statutes and facts in *People v. Kozak* (1970), 130 Ill. App. 2d 334, 264 N.E.2d 896, and reversed defendant's conviction for driving a motor vehicle while his driver's license was suspended, in violation of section 6—303(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1967, ch. 95½, par. 6—303(a)). The terms of that statute were similar to the present implied-consent statute in that it was directed to persons who drove a vehicle "on any highway" of the State when their operator's license was suspended. The appellate court concluded that the statute was not violated where defendant, whose license had been suspended earlier, drove his vehicle in a private parking lot. (*People v. Kozak* (1970), 130 Ill. App. 2d 334, 336, 264 N.E.2d 896.) See *People v. Jensen* (1976), 37 Ill. App. 3d 1010, 1013, 347 N.E.2d 371; *People v. Sarver* (1981), 102 Ill. App. 3d 255, 429 N.E.2d 1108.

■ In construing the language of a statute, the words used in it are the best source of legislative intent and, absent some contrary indication, they will be given their plain and ordinary meaning. (*People v. Pettit* (1984), 101 Ill. 2d 309, 313, 461 N.E.2d 991.) The legislature has determined that only those who drive or are in actual control of a vehicle "upon the public highways" of the State shall be deemed to have consented to chemical testing. As it is undisputed in the present cases that defendants were observed driving their vehicles only upon privately owned parking lots, we conclude they were not subject to the provisions of the implied-consent statute.

We do not consider, as suggested by the State in its brief, that our holding would necessarily exempt all drivers who may be finally stopped and arrested on private property from the requirements of the implied-consent statute. Where there is evidence that a person

drove or was in control of a vehicle upon a public highway while under the influence of alcohol or other drug, as required by the statute, he will be deemed to have consented to testing under the statute whether actually arrested on the highway or on private property.

The State also contends that even should it be determined that the implied-consent statute was inapplicable at the time of the arrests of defendants Charles Kissel and James Slezak, the trial court erred in suppressing the results of Kissel's breathalyzer test and the statements made by Slezak in refusing to submit to testing when requested by the officer to do so. The State argues that the court should have held an evidentiary hearing as to the voluntariness of Kissel's consent to take the test and Slezak's statements.

■■ We agree. It is apparent the trial court considered only whether the implied-consent statute was applicable and, after determining it was not, suppressed the evidence of the results of Kissel's breathalyzer test and Slezak's statements on that basis without considering evidence directed to the issue of the voluntariness of the consent or the statements. The record provided relating to the arguments of counsel as to these matters is not sufficient to permit us to resolve those issues.

Accordingly, the judgment of the circuit court in each case will be affirmed insofar as it dismissed the implied-consent hearings against defendants Charles Kissel, Robert Doody, and James Slezak. The judgments suppressing the results of the breathalyzer test taken by defendant Charles Kissel and the evidence of defendant Slezak's refusal to submit to testing will be reversed and the cause remanded to the trial court for further proceedings.

Affirmed in part; reversed in part and remanded.

HOPF and REINHARD, JJ., concur.