THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* B. T. HAMILTON, SR., *et al.*, Defendants-Appellants.

First District (4th Division)    No. 76-676

Opinion filed October 27, 1977.—Rehearing denied December 2, 1977.

James Geis and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Joan S. Cherry, and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendants were convicted of 15 counts of theft and sentenced to concurrent terms of two to ten years in the Illinois State Penitentiary on each count.

The issues presented for review are: (1) the trial judge failed to completely admonish B.T. Hamilton as to his right to counsel; and (2) the State failed to prove the defendants guilty beyond a reasonable doubt.

The facts of the case are, the defendants were charged by indictment with one count of conspiracy and 27 counts of theft. After a bench trial, the trial judge found them guilty of the conspiracy count and 15 counts of theft. The defendants were engaged in the real estate business. They operated under the name of "Hamilton and Associates." B. T. Hamilton is the father of Joy Thompson and Hebrew Guy. The defendants ran a series of advertisements in a number of newspapers, offering lower-income people the chance to buy homes, allegedly under the FHA "235" program. In fact, the defendants knew the people they were dealing with were ineligible for the program, since most of them were on welfare and ADC programs. In spite of the fact they knew these people to be unqualified and unable to purchase a home, the defendants took "downpayments" after sending the prospective home buyers out to look at empty lots the defendants represented they owned and on which they were going to build homes. The defendants did not own these lots and did not even have an option to purchase them. At trial, the State produced 15 of these people who were swindled by the defendants. The State also produced an expert accountant who testified he had examined the books and records involved and reconstructed the transactions between the defendants and the banks they were using. He testified the money these lower-income people were giving as "downpayments" for a home was actually going for new Eldorado Cadillacs, a Lincoln Continental, telephones for these cars, and other personal expenses of the defendants. None of the money was being used for the purchase of lots or the construction of homes.

After the State had presented its case, defendant Hamilton told the court he did not want his attorney to represent him henceforth. The court admonished the defendant on his right to counsel, but when the defendant persisted in his request the court allowed Mr. Royce to withdraw as attorney for Mr. Hamilton. When the case was resumed the following day, an attorney from Michigan was in court. The attorney had not filed an appearance, but he was allowed to address the court and asked for a ten-day continuance. The court denied this, but was willing to grant a four-day continuance. The attorney said this was unacceptable and he would not take the case. Hamilton had employed six lawyers up to

this point in the trial. The court then again admonished the defendant as to his right to counsel; his right to testify or remain silent; the burden of proving his guilt was on the State; he was not required to prove his innocence, it was presumed; and his right to subpoena witnesses in his own behalf. The defense then produced a number of witnesses. Defendant Hamilton called a number of witnesses whose testimony was irrelevant to the case, but the defendant was allowed to proceed by the trial judge. After the rebuttal and surrebuttal witnesses, the judge made a finding of guilty on 15 counts of theft and one count of conspiracy. There was judgment on the finding.

■■ Defendant Hamilton's first contention is the trial judge erred in not completely admonishing him as to his right to counsel. The United States Supreme Court has ruled a trial judge may not force counsel on a defendant in a criminal case against the wishes of the defendant. (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525.) Having reviewed the record, it is clear the trial court explained to defendant Hamilton exactly what was involved in his decision to represent himself when the defendant chose to dismiss his counsel. The trial court then bent the rules of the court in order for Hamilton to present whatever he wished in terms of witnesses or evidence in his own behalf. To allow a reversal of his conviction on this ground would be to make a mockery of the judicial process. *People v. Richardson* (1959), 17 Ill. 2d 253.

■■ The second contention of the defendants is the State failed to prove them guilty beyond a reasonable doubt. The State produced 15 witnesses who testified they gave the defendants money as a "downpayment" for homes on the lots which the defendants showed them. The State also proved the defendants never owned or had any option to purchase these lots. The State also proved the defendants had converted the money to their own use, none of it going for the purposes the defendants represented to the people who had given them the money. The intent and purpose of the defendants is clear and uncontroverted by the defense at trial or here on appeal. In an analogous case (*People v. Lewis* (1959), 17 Ill. 2d 403), the Illinois Supreme Court found the testimony of nine witnesses sufficiently established the common scheme and design of the defendant. In the instant case the trial court heard 15 witnesses tell how they were defrauded by the defendants, and after reviewing the testimony of the witnesses it is clear the State more than proved the defendants guilty beyond a reasonable doubt.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.