THE VILLAGE OF ALGONQUIN, Plaintiff-Appellant, v.
CHRISTINA M. FORD, Defendant-Appellee.
Second District   No. 2—85—0325

Opinion filed June 20, 1986.—Rehearing denied August 15, 1986.

Andrew T. Freund, of Zukowski, Rogers & Flood, of Crystal Lake, for appellant.

G. Joseph Weller and Mary Kay Schick, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

On December 30, 1984, defendant, Christina M. Ford, was arrested and charged with the offense of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)). The defendant filed a motion to suppress chemical analysis based on the allegations that her consent was not voluntarily given. On February 19, 1985, following a hearing, the trial court granted the motion to suppress because *Miranda* warnings were not given prior to the test. On February 21, the village of Algonquin filed a motion to reconsider

which was denied. This appeal followed.

Evidence at the hearing showed that on December 30, 1984, Officer William Bacon of the Algonquin police conducted a routine investigation of a parked automobile in the rear parking lot at 107 S. Main Street in Algonquin, Illinois, at 5:57 a.m. The parties agreed the car was in a private driveway and not on a public highway. The officer observed the motor was running and the lights were on. He testified that when he shined his spotlight into the vehicle, he observed the passengers had slumped forward, and when he attempted to arouse the defendant by knocking on the window she did not respond. She was seated in the driver's seat. The officer then testified that he had the defendant step out of the car and submit to field sobriety tests.

At the police department, Officer Bacon and the defendant had a conversation concerning her refusal to take a breath-alcohol test. The testimony is conflicting. The defendant said he asked her whether she was going to refuse the test and that she responded by saying "[W]ell, I'm under the impression I'll be in a lot of trouble if I don't take it." She also stated that the officer told her that her license would be suspended if she did not take the test. The police officer testified, "I explained the rules of implied consent and told her it did not apply to this case because she was on private property. It only holds true to public roads and highways and that she did not have to take the Breathalyzer test." The officer further testified that he explained the rules of implied consent and their nonapplicability to her case on two other occasions.

After processing, she was taken to the West Dundee police department, and the test was administered. On the way to the West Dundee police department, the rules of implied consent were again explained, and she was advised they did not apply and she would not lose her license if she refused to take the test. The defendant denied this. No threats or physical force were used to coerce her to take the test. The defendant admitted that she had three or four drinks earlier that evening. After she took the test she was returned to Algonquin where the officers read her *Miranda* rights.

On February 19, 1985, the trial court granted defendant's motion to suppress the test results on the basis that the consent was not given with a knowing voluntariness. On the motion to reconsider the suppression of the breath test, the court ruled:

"THE COURT: As to point two, whether the test was voluntarily given by the Defendant, she was in custody, was the target of the investigation. She refused to do anything else, was told by the officer that if she didn't take a test, she'd lose

her license, and I don't find that to be a voluntary basis for giving a consent to take a test. It's sort of like asking a suspected bank robber, show us where the money is, then give him his *Miranda* warnings. So the Motion to Reconsider is respectfully denied.

ATTORNEY: On what basis, your Honor?

THE COURT: What I just said. Weren't you listening?

ATTORNEY: On the basis it was not voluntary?

THE COURT: Yes."

Our supreme court in *People v. Mulack* (1968), 40 Ill. 2d 429, clearly held that breath-alcohol results constituted physical evidence and, as such, should not be afforded the procedural protections encompassed by the *Miranda* warnings. (See also *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826; *People v. Cook* (1981), 94 Ill. App. 3d 73.) In *Schmerber,* the admittance of a blood test, taken in spite of defendant's refusal, was held admissible by the Supreme Court on the grounds that it was not communicative in nature. (*Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826.) In *Cook,* the defendant was charged with driving a motor vehicle under the influence of alcohol. On the evening of his arrest, a lab technician of a local hospital extracted a vial of blood from the defendant to determine the presence of alcohol. The test indicated 0.199% blood alcohol. The trial court granted the motion to suppress because the defendant was not advised of his *Miranda* rights, but this court reversed, stating that the *Miranda* warnings are required only when the evidence obtained is of a testimonial nature. (*People v. Cook* (1981), 94 Ill. App. 3d 73, 76.) The taking of a breath-analysis test is not of a testimonial nature. 94 Ill. App. 3d 73, 76.) The taking of a breath-analysis test is not of a testimonial nature. 94 Ill. App. 3d 73, 76.

■ No consent is necessary to admit a breath-alcohol test into evidence in a DUI case. It is well settled that a compulsory blood test, taken without the consent of the donor, does not violate any constitutional right of an individual. (*People v. Todd* (1975), 59 Ill. 2d 534; *People v. Lentini* (1982), 106 Ill. App. 3d 695.) Although the above cases deal specifically with the taking of a blood sample, the reasoning applies to the taking of a breath sample. (See *People v. Mulack* (1968), 40 Ill. 2d 429.) Absent a limiting statutory provision, there is no prohibition against the taking of a breath-alcohol test without the consent of the donor. (*Cf. People v. Todd* (1975), 59 Ill. 2d 534, 545.) Prior to July 1982, Illinois imposed a statutory requirement of consent prior to the administration of a test to determine the alcohol con-

tent of the blood. Section 11—501(c)(3) of the Illinois Vehicle Code provided in relevant part:

"Evidence based upon a chemical analysis of blood, urine, breath or other bodily substance shall not be admitted unless such substance was procured and such analysis made with the consent of the person as provided by this Chapter, whose bodily substance was so analyzed." (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(c)(3).)

That section provided the basis for the consent requirement found in all Illinois cases concerning the admittance of the results of a breath, blood or urine test into evidence. See *People v. Lentini* (1982), 106 Ill. App. 3d 695; *People v. Kenning* (1982), 110 Ill. App. 3d 679; *People v. Cook* (1981), 94 Ill. App. 3d 73.

The statutory basis for such a consent requirement has now been written out of the statute. Public Act 82—311, section 1, effective January 1, 1982, added section 11—501.2 and deleted the statutory requirement concerning consent. (See Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2.) Breath tests resulting from DUI arrests occurring after January 1, 1982, are no longer subject to the consent requirement once found in section 11—501(c)(3). Without the provisions of section 11—501(c)(3), there is no authority for imposing the requirement of consent prior to admitting the results of a breath-alcohol test into evidence.

■ Defendant admits that *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826, holds that a compulsory blood test may be taken without the consent of the donor, but contends that *Schmerber* first requires a finding of probable cause. Illinois also requires probable cause. (*People v. Lippert* (1982), 89 Ill. 2d 171, 178.) Defendant contends that no probable cause was found in the instant case. Defendant notes that the police officer was not called to the scene, never testified why he approached the defendant's car, did not talk to the defendant, did not smell alcohol on her breath or notice any symptoms of intoxication. In deciding the question of probable cause in any given case, the courts are not to be unduly technical; rather, they are to deal with probabilities. (*People v. Clay* (1973), 55 Ill. 2d 501, 504-05.) Given the earlier recited facts, there is no question that the officer had probable cause to make his investigation and, once started, to proceed to the field tests for sobriety.

■ The defendant finally argues that the court's ruling is not against the manifest weight of the evidence. Defendant states that while the failure to read *Miranda* warnings cannot be the sole basis for suppression of chemical-analysis tests, it may be considered as a

factor in determining whether the test was voluntarily given. (*People v. Cook* (1981), 94 Ill. App. 3d 73.) Defendant contends it is a question of fact to be determined from all of the circumstances, including the subject's knowledge of a right to refuse chemical analysis as a factor to be considered. (*People v. Kenning* (1982), 110 Ill. App. 3d 679.) Here the trial court found that the failure to give the *Miranda* warnings made the consent to the test involuntary. As we have ruled above, that finding is in error; the trial court must be reversed and the cause remanded for further proceedings.

Reversed and remanded.

UNVERZAGT and SCHNAKE, JJ., concur.