DEBORAH L. BLAIR, Plaintiff-Appellant, v. SANDRA K. BARTELMAY, Defendant-Appellee.

Third District   No. 3—85—0808

Opinion filed December 31, 1986.

James B. Lewis, of Peoria, for appellant.

Anthony P. Corsentino, of Peoria, and Susan Butler, of Morton, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County dismissing the complaint of plaintiff, Deborah Blair, against defendant, Sandra Bartelmay, with prejudice.

In 1983, Blair filed a complaint in the circuit court of Tazewell County against Bartelmay and her husband, Robert, alleging fraud in the inducement of an agreement for warranty deed between the parties. The Bartelmays answered and filed a countercomplaint in forcible entry and detainer seeking (1) a judgment forfeiting Blair's entire interest in the premises which were the subject of the agreement for warranty deed; (2) attorney fees arising out of Blair's breach of the agreement; and (3) immediate possession of the premises. They also filed a motion for setoff requesting that their damages arising out of Blair's breach be deducted from any verdict she might obtain in her action against them. In July 1984, the Bartelmays were awarded summary judgment on their counterclaim; however, writ of restitution in respect to the subject premises was stayed.

Blair deposed Sandra Bartelmay during the noon-hour recess of the first day of the trial of her original complaint, which commenced on October 15, 1984. At the conclusion of her deposition and before the start of the afternoon's proceedings, Blair voluntarily moved to dismiss her claim against Sandra. By that time, the jury had been empaneled but opening statements had not yet been given. The trial court allowed her motion; however, the record is unclear as to whether the dismissal was granted with or without prejudice. Thereafter, judgment was entered for Blair and against Robert Bartelmay, who was allowed a setoff of the damages awarded.

On December 6, 1984, Blair commenced the case *sub judice* in the circuit court of Peoria County rather than Tazewell County where the previous action had been filed. Defendant filed a motion for involuntary dismissal arguing that Blair's motion for dismissal in the previous action was not made in compliance with section 2—1009 of the Code of

Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009), and that her claim was barred by operation of the doctrine of *res judicata.* Arguing against the motion, Blair contended her motion for voluntary dismissal in the previous action for properly allowed, that at that time defendant raised no objection to the granting of the motion, and that the principles of *res judicata* and collateral estoppel were inapplicable. The trial court granted defendant's motion and dismissed the cause with prejudice. This appeal follows.

●■ The first issue we are asked to decide on appeal is whether the defendant was dismissed from the original action with or without prejudice. Section 2—1009 of the Code of Civil Procedure states that after trial begins a "plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009.) No stipulation was agreed to and Blair's oral motion to dismiss was not supported by affidavit or other proof. We find nothing in the record to indicate the defendant objected to this motion. Accordingly, such irregularities are waived by her failure to object. See *Fidelity & Casualty Co. v. Heitman Trust Co.* (1942), 317 Ill. App. 256, 46 N.E.2d 155.

●■ ■ The second issue we are asked to decide on appeal is whether the defendant was entitled to be dismissed from the cause with prejudice on the basis of *res judicata* or estoppel principles. The trial court determined *res judicata* applied because privity of interest existed between the Bartelmays as husband and wife and joint owners of the sold real estate. In so holding, the court primarily relied on *Consol Builders & Supply Co. v. Ebens* (1975), 24 Ill. App. 3d 988, 322 N.E.2d 248.

*Res judicata* and collateral estoppel are judicially created doctrines "designed to protect litigants from the burden of retrying an identical cause of action or issue with the same party or privy, and to enhance judicial economy by prohibiting repetitive litigation." (*People v. Bone* (1980), 82 Ill. 2d 282, 286, 412 N.E.2d 444, (citing *Parklane Hoisery Co. v. Shore* (1979), 439 U.S. 322, 326, 58 L. Ed. 2d 552, 559, 99 S. Ct. 645, 649), *cert. denied* (1981), 454 U.S. 839, 70 L. Ed. 2d 120, 102 S. Ct. 145.) The doctrine of *res judicata* provides that " 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.' " (*La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 528, 337

N.E.2d 19 (quoting *People v. Kidd* (1947), 398 Ill. 405, 408, 75 N.E.2d 851), *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 177, 96 S. Ct. 1668.) The principle extends not only to questions which were actually litigated but also to all questions which could have been raised or determined. *People v. Bone* (1980), 82 Ill. 2d 282, 287, 412 N.E.2d 444, *cert. denied* (1981), 454 U.S. 839, 70 L. Ed. 2d 120, 102 S. Ct. 145; *Hughey v. Industrial Com.* (1979), 76 Ill. 2d 577, 582-83, 394 N.E.2d 1164.

●■ ■ Collateral estoppel also operates as an absolute bar in a subsequent action where the same parties or their privies attempt to relitigate identical issues necessarily decided by a court of competent jurisdiction in a prior cause of action. (*Fred Olson Motor Service v. Container Corp.* (1980), 81 Ill. App. 3d 825, 401 N.E.2d 1098; *Kramer v. Chicago Title & Trust Co.* (1979), 69 Ill. App. 3d 1015, 387 N.E.2d 1105.) Collateral estoppel will apply where the issue decided in the prior adjudication is identical to that in the suit in question, a final judgment was rendered on the merits, and the party against whom the estoppel is asserted was a party, privy, or is in privity with a party to the prior litigation. (*Fred Olson Motor Service v. Container Corp.* (1980), 81 Ill. App. 3d 825, 401 N.E.2d 1098; *Riley v. Unknown Owners of 304 North Oak Park Avenue Building, Oak Park* (1975), 25 Ill. App. 3d 895, 324 N.E.2d 78.) The doctrine will only apply where the party against whom it was asserted had a full and fair opportunity to litigate the issue in the prior proceeding, and it will not be applied if an injustice results to the party under the circumstances of the case. *Fred Olson Motor Service v. Container Corp.* (1980), 81 Ill. App. 3d 825, 401 N.E.2d 1098.

●■ In order for the principles of *res judicata* or collateral estoppel to apply to the present case, the Bartelmays would have to be privies since Sandra was dismissed from the prior adjudication. We do not believe they are and, therefore, we hold the trial court erred in finding them in privity with one another. The trial court found privity on the basis of the Bartelmays' relationship as husband and wife and because of their joint ownership of the subject premises. We are aware of no cases which hold parties to be in privity with one another merely because they are married. Even the principal case relied upon by the trial court, *Consol Builders & Supply Co. v. Ebens* (1975), 24 Ill. App. 3d 988, 322 N.E.2d 248, does not make such an assertion. In *Consol*, a construction contractor obtained a judgment against a homeowner in a small claims action for amounts due under change orders submitted under a construction contract. Subsequently, the contractor brought a separate action against the homeowner and his wife for foreclosure of

a mechanic's lien seeking recovery of an asserted balance due under the contract itself. The trial court held, and the court of review agreed, that the small-claims judgment was *res judicata* as to the foreclosure suit. With respect to privity, the appellate court summarily held an existence of privity without enumerating its basis for such a decision. We do not find support in *Consol* for the conclusion that the relationship of husband and wife alone creates privity between the parties.

Similarly, the fact that the Bartelmays were joint owners of the premises in question may under appropriate circumstances lend support to a conclusion they were privies, but not in the present case. Plaintiff has alleged fraud against Debra and had previously been successful in her suit against Robert at which time she also alleged fraud against him. Tortious misconduct was alleged against each of the Bartelmays, and the liability of one was neither imputed nor vicarious to that of the other. The mere fact that the Bartelmays are joint tortfeasors does not create a condition of privity.

Accordingly, we reverse the judgment of the circuit court of Peoria County which dismissed plaintiff's cause of action with prejudice and remand the cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HEIPLE and WOMBACHER, JJ., concur.