THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RANDY L. BROWN, Defendant-Appellee.

Second District    No. 2—87—0951

Opinion filed October 20, 1988.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Cynthia R. Lyons, of Law Offices of Cynthia R. Lyons, of Naperville, for appellee.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Randy L. Brown, was charged with driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2)) and driving with a blood-alcohol concentration greater than .10 (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(1)). Defendant's motion to suppress the admission into evidence of the results of the breathalyzer test was granted on the ground that defendant's consent to take the test was not voluntary.

Defendant had been found asleep in his vehicle and was arrested while on private property, a shopping center parking lot. The arresting officer, after administering field sobriety tests, took defendant to the police station, read the "Warnings to Motorists" to him but, before asking defendant if he would take the breathalyzer test, told him that the warnings did not apply to him and that he did not have to take the test because the offense occurred on private property. Defendant took the test anyway.

Specifically, after finding probable cause for the arrest, an issue not before us on appeal, the trial court found:

> "Motion to suppress Breathalyzer. This was a case where it was private property and we heard some testimony regarding that, and I think, under the doctrine of fairness that I am going to suppress the results of the Breathalyzer, because there certainly was some confusion there."

The State argues, as it did successfully in this court in *People v. Kissel* (1986), 150 Ill. App. 3d 283, that the trial court's suppression should be reversed and remanded for a hearing on the voluntariness of defendant's consent to the breathalyzer test. Defendant argues that the trial court found that defendant's consent to take the breathalyzer test was not voluntary because the officer's statement after reading the warnings to motorists, that the warnings did not apply to him because he was on private property, confused him, thus rendering his consent involuntary.

■ Defendant argues that our holding in *Kissel* overruled our decision in *Village of Algonquin v. Ford* (1986), 145 Ill. App. 3d 19, because *Kissel* was decided after *Ford* (by about six months). Thus, the question presented is whether a defendant must have voluntarily consented to take a breathalyzer test before the results of that test can be admitted into evidence in a prosecution for driving or having physical control of a vehicle while under the influence or with the blood-alcohol concentration prohibited by the DUI statutes. (Ill. Rev. Stat. 1985, ch. 95½, pars. 501.1(a)(1), (a)(2).) We hold that voluntary con-

sent is not a prerequisite to admissibility of the breathalyzer results (*Village of Algonquin v. Ford* (1986), 145 Ill. App. 3d 19), the arguments of defendant to the contrary, and the reliance of the State on our *People v. Kissel* (1986), 150 Ill. App. 3d 283, notwithstanding.

*People v. Kissel* (1986), 150 Ill. App. 3d 283, presented the question of whether the driving or physical control of a vehicle while intoxicated had to have occurred while the defendant was on the "public highways of this State" (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(a) (implied consent)) or "within this State" (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a) (DUI)). The only evidence in *Kissel* was that the driving occurred on private property and, therefore, not "on the public highways of this State," and the court affirmed the trial court's ruling dismissing the implied-consent hearing. *Kissel*, 150 Ill. App. 3d at 287.

However, as defendant notes, this court in *Kissel* accepted the State's argument that the cause should be remanded for a hearing on the voluntariness of Kissel's consent to take the breathalyzer test for admissibility in the DUI prosecution. This court concluded that it was apparent that the trial court had only considered Kissel's *implied* consent and that the trial court, after finding no *implied* consent, suppressed Kissel's breathalyzer results without considering evidence "directed to the issue of voluntariness of the consent." (*People v. Kissel* (1986), 150 Ill. App. 3d 283, 287.) This court held that the record relating to the arguments of counsel was not sufficient for resolution of the issue. In sum, the court affirmed the trial court on its dismissal of Kissel's implied-consent hearing but reversed the trial court on the suppression of the breathalyzer-test results for the purposes of the DUI prosecution and remanded the cause for a voluntariness-of-consent hearing.

We reconcile *Ford* and *Kissel* on the question of consent by noting that in *Kissel* this court inferred, at the State's urging by seeking a remand for a hearing on the issue, that the DUI statutes, at the time of Kissel's alleged offense, still required proof that a defendant in a DUI prosecution consented to take the breathalyzer test. (See Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(a)(c).) However, as we noted in *Ford*, the consent requirement for admission of breathalyzer results in a prosecution for DUI (see, *e.g.*, *People v. Lentini* (1982), 106 Ill. App. 3d 695) was abolished by the General Assembly effective January 1, 1982. (Compare Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(c)(3), with Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a).) We conclude, therefore, that the implication in *Kissel* that a defendant must have consented to the breathalyzer test for it to be admissible in a

DUI prosecution is just that, an implication.

■ It has long been recognized that questions which merely lurk in the record neither brought to the attention of the court nor ruled upon are not to be considered as constituting precedent. (*Heaney v. Northeast Park District* (1935), 360 Ill. 254.) While in *Kissel* the State brought to the attention of the court the question of the voluntariness of the consent, in so doing it obviously misled the court, as the State does here, by urging a remand for a voluntariness hearing. Further, this court did not hold *in haec verba* or rule that a defendant's voluntary consent to the breathalyzer was a predicate to the admissibility of the results in a DUI prosecution. Nonetheless, to the extent that *Kissel* can be read to hold that consent is a predicate to the admissibility of breathalyzer results into evidence in a DUI prosecution contrary to our holding in *Ford*, it is overruled but on that issue only. In *Ford* the question before us here was squarely presented, and this court concluded that consent to take the breathalyzer is not a predicate to its admissibility in a subsequent proceeding for DUI. *Village of Algonquin v. Ford* (1986), 145 Ill. App. 3d 19.

■ Defendant also argues, generally, without citation to authority in violation of Supreme Court Rules 341(e)(7) and (e)(8) (113 Ill. 2d Rules 341(e)(7), (e)(8)), that because of the dichotomy between the implied-consent standard as to driving or control on the public highway of this State as opposed to the DUI standard of driving or control within the State, the defendant whose violation is alleged to have occurred on private property, thus not implicating the implied-consent standard, must be warned of the "true" consequences of refusing the test. Defendant acknowledges that this argument was not made in the trial nor was it the basis of the trial court's ruling. We deem the argument, raised here for the first time, waived. We will consider it in the interest of justice and to draw attention to this court's thorough analysis of the underlying constitutional issues in *People v. Lentini* (1982), 106 Ill. App. 3d 695.

■ Defendant's argument is the same as the argument made by the defendant in *People v. Lentini* (1982), 106 Ill. App. 3d 695, 699. That is, that the defendant was not told what the blood in that case, and the breathalyzer results in this case, would be used for. While the offense in *Lentini* predated the elimination of consent to the taking of bodily substances as a requirement for admissibility of their analysis in a DUI prosecution, nonetheless, its rationale applies with equal or greater force to the same issue raised here. In *Lentini* we relied upon the reasoning of *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041, that the voluntariness of the consent is

a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent. (*Lentini*, 106 Ill. App. 3d at 701.) The fact that consent to blood withdrawal or breathalyzer analysis involves no aspect of waiver of the privilege against self-incrimination or right to a fair trial as argued by defendant here, the appellate court refused to impose a higher standard of voluntariness than that imposed by the statute (see Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(c)(3)) which has since been repealed (see Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501(a)(1), (a)(2)).

The only question presented here is whether defendant voluntarily consented to the breathalyzer in that he knew or was told the results could be used against him before he consented. Since neither consent nor knowledgeable consent is a standard for admissibility of the results of the test, we reverse the judgment of the circuit court and remand the cause.

Reversed and remanded.

UNVERZAGT and INGLIS, JJ., concur.