THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL J. MONCKTON, Defendant-Appellant.
Third District   No. 3—89—0098

Opinion filed November 22, 1989.

Ronald Hanna, of Hamm & Hanna, Ltd., of Peoria, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Vicki L. Seidl, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The trial court convicted the defendant, Michael J. Monckton, of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). The court subsequently sentenced him to a $300 fine. The defendant appeals.

The record shows that prior to trial the defendant filed a petition to rescind his statutory summary suspension. At the hearing on the petition, the defendant testified that on June 5, 1988, around 10:19 p.m., he was pulled over by Officer Mischa Ortega. The officer asked if the defendant had ever been arrested for driving under the influence, and the defendant replied that he had. After the officer conducted some field sobriety tests, he transported the defendant to the police station. While at the station, he read the standard motorist's warning (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(c)) to the

defendant and asked him if he wanted to take a breathalyzer test. The defendant said that his livelihood was at stake and he was uncertain about what to do. The officer replied that he could not advise the defendant. According to the defendant, he again expressed uncertainty, and the officer said: "If you cooperate and take the test, you can get a [judicial driving permit]." He allegedly also told the defendant that if he did not take the breathalyzer test he would lose his license for 12 months. The defendant said that he decided to take the test because he wanted to obtain a driving permit.

Officer Ortega testified that he had arrested the defendant on the night in question and had taken him to the county jail. After he gave him the standard warning, the defendant agreed to take the breathalyzer test. He registered a .17 breath-alcohol content.

On cross-examination, the officer stated that he did not recall discussing a judicial driving permit with the defendant. He recalled, however, the defendant's stating that he had been previously arrested for driving under the influence of alcohol. The officer also did not recall whether the defendant had asked him if he should take the test. Officer Ortega testified that normally when a defendant asked such a question, he would reply that he was not an attorney and all he could do was read the standard warning.

The trial court accepted the defendant's version of the facts. It then found that the officer's statements had invalidated the warning to the defendant. Accordingly, the court rescinded the summary suspension.

The defendant later filed a motion to suppress the results of the breathalyzer test, alleging that he had been coerced into taking it. The trial court denied the motion without making any additional findings. A trial was then held in which the court found the defendant guilty of DUI and of driving with a blood-alcohol content of .10 or more (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)). The court entered a judgment of conviction only on the DUI count. In so doing, the judge noted that if the breathalyzer result had not been admitted into evidence, he would have found the defendant innocent of DUI.

The defendant argues on appeal that the trial court erred in denying his motion to suppress. He contends that Officer Ortega's comments misled him and rendered his consent involuntary. The State replies that under this court's holding in *People v. Eaves* (1988), 174 Ill. App. 3d 911, 529 N.E.2d 277, an involuntary breath test may be admitted into evidence in a DUI prosecution.

■■ ■ The standard for appellate review involving a motion to suppress is whether the trial court's ruling was clearly erroneous.

(*People v. Clark* (1982), 92 Ill. 2d 96, 440 N.E.2d 869.) The Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 *et seq.*) provides that, after receiving the proper warnings, a driver may refuse to take a blood or breath test and instead incur an automatic six-month summary suspension of his license. (Ill. Rev. Stat. 1987, ch. 95½, pars. 6—208.1(a), 11—501.1(c).) The Code reflects the legislature's desire to prohibit involuntary blood and breath tests and to allow a driver to make a knowing withdrawal of his implied consent, so long as he is willing to bear the penalty. See *People v. Romano* (1985), 139 Ill. App. 3d 999, 487 N.E.2d 785; *People v. Frazier* (1984), 123 Ill. App. 3d 563, 463 N.E.2d 165.

█▇ █ In the instant case, the defendant was misled by the officer's statements into consenting to a breathalyzer test. Admission of the result in either the summary suspension hearing or the DUI trial would defeat the legislature's objective of allowing a defendant to make a knowing and voluntary decision regarding the test. It would also allow the State to profit from its deception. Accordingly, we hold that the trial court erred in denying the motion to suppress the breathalyzer result in the DUI trial. To the extent that *Eaves* can be read to the contrary, it is hereby overruled. Since the trial court further found that absent the breathalyzer result it would not have found the defendant guilty of DUI, we reverse the defendant's conviction.

The judgment of the circuit court of Tazewell County denying the motion to suppress the breathalyzer result and finding the defendant guilty of driving under the influence of alcohol is reversed.

Reversed.

WOMBACHER, P.J., and SCOTT, J., concur.