THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DOUG W. WOZNIAK, Defendant-Appellant.
Third District   No. 3—89—0054

Opinion filed July 17, 1990.

STOUDER, J., specially concurring.

Marc Bernabei, State's Attorney, of Princeton (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Douglas B. Olivero, of Peru, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Defendant Doug W. Wozniak was charged with driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). The trial court granted defendant's motion to suppress the result of defendant's breath test. The State appeals the suppression order.

The record shows that on October 9, 1988, defendant was charged with driving under the influence of alcohol and his license was summarily suspended. Defendant subsequently filed a petition to rescind (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1), alleging that he had not been properly arrested.

At the hearing on the petition, Spring Valley police officer Thomas Sment testified that on October 9 he had investigated a traffic accident involving vehicles driven by defendant and Mrs. McNally. The officer asked for both drivers' licenses and issued a citation to Mrs. McNally for failure to yield. While talking with defendant, Sment noted that defendant had difficulty speaking and that he staggered and swayed as he walked. Sment also detected the odor of alcohol on defendant's breath. The officer had defendant perform some field sobriety tests, which defendant failed. Sment then told defendant to accompany him to the police station for a breath test. He did not tell defendant that he was under arrest at that time.

Officer Sment further stated that he had known defendant for four years and did not think it necessary to handcuff him. Defendant sat in the front seat of the squad car en route to the police station. There, the officer gave defendant the standard motorist's warning (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(c)) and administered the breath test. Defendant registered a .20 breath-alcohol content. Then, defendant lost his balance and disturbed the breathalyzer keyboard. Consequently, a second test was administered in which defendant registered a .19 breath-alcohol content. At that point the officer issued defendant a citation for driving under the influence of alcohol. Defendant's license was not returned to him that evening.

Defendant testified that he had been drinking beer that evening. He claimed, however, that he satisfactorily performed the field sobriety tests. He also denied that he staggered or swayed as he walked. Defendant agreed that he was not handcuffed, but stated that he rode in the back seat of the police car to the station.

The trial court found that defendant had not been arrested prior to the breath test. Accordingly, the court rescinded the statutory summary suspension.

Defendant subsequently filed a motion to suppress the breath-test result in the DUI prosecution, again arguing that he had not been

properly arrested prior to the breath test. The parties rested on the evidence presented at the summary suspension hearing. The trial court suppressed the breath-test result on the ground that defendant had not been arrested prior to the test.

In this appeal, the State argues only that the trial court erred in suppressing the breath-test result in the DUI prosecution. The State acknowledges that the statutory summary suspension provisions are triggered by an arrest for driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(a)). There is no language, however, in that section or in section 11—501 (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501)—the section defining the offense of driving under the influence of alcohol—stating that an arrest must precede a breath test in order for the result to be admissible in a DUI prosecution. The State concludes that as long as the test is supported by probable cause to believe that the motorist was driving under the influence of alcohol, the result is admissible in a DUI prosecution regardless of whether defendant was under arrest at the time the test was administered.

The initial question to be resolved is a question of law, *i.e.*, whether sections 11—501 and 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501, 11—501.1) are so interrelated as to require suppression of evidence in a DUI prosecution solely because such evidence was statutorily invalidated for purposes of the summary suspension proceedings.

In another context, that question was recently answered in the negative by the Second District of the Illinois Appellate Court (*People v. Giere* (2d Dist. 1989), 192 Ill. App. 3d 520, 548 N.E.2d 1104, *appeal denied* (1990), 131 Ill. 2d 562) and in the affirmative by this district (*People v. Monckton* (3d Dist. 1989), 191 Ill. App. 3d 106, 547 N.E.2d 673, *appeal denied* (1990), 131 Ill. 2d 564). At issue in *Monckton* and *Giere* was whether a breath test taken without defendant's voluntary consent as required for purposes of the summary suspension provision tainted the test result for purposes of a subsequent DUI prosecution. In *Monckton* this court rejected its own precedent in *People v. Eaves* (3d Dist. 1988), 174 Ill. App. 3d 911, 529 N.E.2d 277, ruling that "[a]dmission of the result in either the summary suspension hearing or the DUI trial would defeat the legislature's objective of allowing a defendant to make a knowing and voluntary decision regarding the test." *Monckton*, 191 Ill. App. 3d at 109, 547 N.E.2d at 674.

By contrast, in *Giere*, the court, relying on precedent in *People v. Brown* (2d Dist. 1988), 175 Ill. App. 3d 725, 530 N.E.2d 71, *Village*

*of Algonquin v. Ford* (2d Dist. 1986), 145 Ill. App. 3d 19, 495 N.E.2d 595, and *Eaves*, stated, "There is nothing *** in either section 11—501 or section 11—501.1 that requires consent before a blood test may be taken in a DUI or reckless homicide prosecution." (*Giere*, 192 Ill. App. 3d at 524-25, 548 N.E.2d at 1107.) To the extent that Giere was convicted only of reckless homicide (the DUI charge having been dismissed prior to trial), the court's statement relative to DUI is *obiter dictum*. Nonetheless, the rationales of the two decisions cannot be reconciled. *Giere* rejects the precedents of *People v. Frazier* (4th Dist. 1984), 123 Ill. App. 3d 563, 463 N.E.2d 165, and *People v. Romano* (2nd Dist. 1985), 139 Ill. App. 3d 999, 487 N.E.2d 785, decided under a prior version of section 11—501.1(c), which had held that consent under the statute then in effect was required before blood tests could be administered.

In *Monckton, Frazier* and *Romano* were relied upon as support for the court's statement that "[t]he Code reflects the legislature's desire to prohibit involuntary blood and breath tests and to allow a driver to make a knowing withdrawal of his implied consent, so long as he is willing to bear the penalty." (*Monckton*, 191 Ill. App. 3d at 109, 547 N.E.2d at 674.) *Monckton* fails, however, to consider statutory amendments subsequent to *Frazier* and *Romano* and makes no reference to either *Ford* or *Brown.* Although *Monckton* derives its finding of legislative intent from section 11—501.1(c), it does not purport to engraft that provision onto section 11—501.

■ Given the substantive differences between civil implied consent proceedings and a criminal DUI prosecution (see *People v. Golden* (5th Dist. 1983), 117 Ill. App. 3d 150, 453 N.E.2d 15), any further extent of the civil protections would, we believe, only confuse already muddy waters. Suffice to say, we find no expression of legislative intent to extend the predicate arrest provision of the summary suspension statute to DUI prosecutions. We hold that for purposes of DUI prosecutions, admissibility of blood-alcohol test results is subject to fourth amendment constraints and those specific provisions of the Illinois Vehicle Code relating to the administration of such tests (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501.2 through 11—501.4).

Moreover, even were we to extend the protections of the summary suspension statute to DUI prosecutions, we would find the court's conclusion in this case that defendant had not been timely arrested contrary to the manifest weight of the evidence. From the record on appeal, it is clear that the trial court placed undue emphasis upon the arresting officer's failure to tell defendant that he was under arrest. The court's analysis is thus flawed because it focuses upon

the officer's conduct instead of on the arrestee's reasonable perception of his situation.

■ As this court recently stated in *People v. Jones* (1990), 198 Ill. App. 3d 572, 575, "the standard for determining if and when an arrest has occurred is whether a reasonable man, innocent of any crime, would have concluded that he was not free to leave considering the surrounding circumstances. (*People v. Wright* (1985), 111 Ill. 2d 128, 490 N.E.2d 640.) Such circumstances include the continuing possession of the individual's driver's license by a police officer, the placing of an individual in a squad car, and the duration of the individual's detention. (*People v. Goodman* (1988), 173 Ill. App. 3d 559, 527 N.E.2d 1055.)"

■ In *Jones*, as here, defendant's appearance and conduct at the scene of his encounter with the police officer gave the officer probable cause to believe defendant was under the influence of alcohol. At the officer's request, defendant relinquished his license, performed field sobriety tests, and was invited to accompany the officer in a squad car to the police station for further testing. Even accepting as credible defendant's version of the events preceding his breathalyzer tests, a reasonable person under these circumstances would have believed he was not free to leave despite the fact that the officer did not issue a citation for DUI until after administering the breathalyzer test. In sum, we find that defendant was "arrested" for purposes of the DUI prosecution before he arrived at the police station.

The judgment of the circuit court of Bureau County is reversed.

Reversed and cause remanded.

SCOTT, J., concurs.

JUSTICE STOUDER, specially concurring:

I agree with the result reached by the majority in this case but I do not agree with all of the findings or conclusions of the majority.

In particular I agree with the majority the defendant was under arrest before the blood-alcohol test was administered. Having so decided, the issue discussed at length in the majority opinion concerning the consequences of administering a test if the defendant was under arrest is *obiter dictum*, unnecessary to the opinion. In the interest of judicial restraint I see no special reason for considering an issue unnecessary to the resolution of the case in the circumstances presented by this appeal. I do not join with the majority in the reasoning or resolution of this issue.