THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIAM P. YANT, Defendant-Appellee.

Second District No. 2—89—1059

Opinion filed March 27, 1991.

962

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Joseph P. Callahan, of Allegretti & Ryan, of Chicago, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

In this prosecution for driving with blood-alcohol concentration greater than or equal to .10 (Ill. Rev. Stat. 1989, ch. 95½, par. 11–501(a)(1)), the court granted the motion of the defendant, William P.

Yant, to suppress the evidence of his blood test. The State appeals from the suppression order. We reverse.

According to the stipulated statement of facts, on the evening of July 14, 1988, the defendant was in an automobile accident, then was transported by ambulance to Hinsdale Hospital. At the scene of the accident the defendant was combative and uncooperative; ambulance personnel "felt a need to restrain" him in leather restraints. The defendant remained in restraints when he was brought to the emergency room and while he was treated there for facial trauma. He refused treatment and refused requests that he give a blood sample for treatment and diagnostic purposes. Nevertheless, the physician on duty ordered a blood test in the course of the emergency medical treatment, and blood was drawn against the defendant's will.

The defendant sought to suppress the results of that blood test. Following a hearing where it relied upon the fact that the blood sample had been nonconsensual, the court granted the defendant's motion to suppress the results of the test. The State brought this appeal, contending that the court erroneously granted suppression, that the blood test was minimally intrusive, and that, under the law, consent is not a prerequisite for admissibility.

As the State notes, this court recently has observed that a blood test taken without the donor's consent does not violate any constitutional right of the donor and that, absent a more limiting statutory provision, the test result may be admitted as evidence of intoxication. (*People v. Giere* (1989), 192 Ill. App. 3d 520, 524.) We have further observed that there is no statutory requirement of consent before blood-alcohol test results may be admitted in a driving under the influence (DUI) prosecution. 192 Ill. App. 3d at 524; *People v. Brown* (1988), 175 Ill. App. 3d 725, 728.

In arguing that the blood test results here were properly suppressed, the defendant relies largely upon sections 11–501.1(c) and 11–501.2(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, pars. 11–501.1(c), 11–501.2(c)). Those sections are part of the Illinois "implied consent" statutes. In pertinent part, they provide that a driver who is arrested for a covered drug or alcohol offense and refuses to submit to a request that he submit to a chemical blood test should be warned of the statutory summary suspension consequences of his refusal. The statutes further provide that the evidence of the driver's refusal shall be generally admissible. The defendant emphasizes that these statutes, by their terms, contemplate the possibility that a driver can refuse chemical testing, *albeit* with consequences.

The defendant's reliance on those Vehicle Code sections is

misplaced. Those two sections, as well as the decision in *People v. Monckton* (3d Dist. 1989), 191 Ill. App. 3d 106, upon which the defendant also mistakenly relies, address a driver's implied consent to chemical testing and the statutory summary driver's license suspension that may be a consequence if the driver refuses testing. In the case before us, the issue of implied consent is not involved. The blood test here was not ordered under implied-consent authority but, rather, under medical order of a treating emergency physician. Furthermore, the Appellate Court for the Third District has since called into question *Monckton*'s engrafting of section 11.501.1(c) implied-consent protections onto the admissibility of chemical tests for DUI prosecution. *People v. Woznik* (3d Dist. 1990), 199 Ill. App. 3d 1088, 1091.

The defendant's other authorities, *People v. Romano* (1985), 139 Ill. App. 3d 999, and *People v. Frazier* (1984), 123 Ill. App. 3d 563, are similarly unpersuasive. Those cases, which recognized a requirement of consent before the taking and admission of a blood test, predate statutory change and were rejected by *Giere*. 192 Ill. App. 3d at 525; see also *Wozniak*, 199 Ill. App. 3d at 1019; *People v. Kohl* (1989), 192 Ill. App. 3d 556.

In both *Giere* and *Kohl*, the defendant initially was charged with driving under the influence of alcohol but ultimately was prosecuted only for reckless homicide. The defendant would distinguish those cases on that fact. Although Department of Public Health standards relate differently to DUI proceedings than they do to reckless homicide proceedings (see Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.2; *People v. Hamilton* (1987), 118 Ill. 2d 153, 161), a distinction to which the defendant refers, we find the distinction here to be one without a difference.

■ In *Giere*, we specifically relied upon *People v. Brown* (1988), 175 Ill. App. 3d 725, where we had concluded that consent was not a prerequisite to admissibility of a breath-alcohol test in a DUI prosecution. (175 Ill. App. 3d at 728.) Given the substantive differences between civil implied-consent proceedings and criminal DUI prosecutions, and the absence of an express legislative intent to extend implied-consent provisions to DUI prosecutions, we find that only fourth amendment constraints and specifically legislated provisions for test admissibility (see Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501.2, 11—501.4) apply to admissibility of blood-alcohol tests in a DUI prosecution. See *Wozniak*, 199 Ill. App. 3d at 1091.

■ 6 As an alternative argument, the defendant asserts that this case is an instance of State conduct which is "shocking to the conscience" in violation of the United States Supreme Court decision in

*Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826. He notes that he refused all medical treatment for his injuries and that there was no evidence that he was unable to refuse. According to the defendant, the facts that he was placed in leather restraints while he continued to refuse treatment and that, while he was restrained, he was forced to give a blood sample showed an unreasonable search and seizure supporting the trial court's decision to suppress. We disagree.

As the State points out, *Schmerber* specifically held that the taking of a blood sample under reasonable medical circumstances does not violate the fourth amendment right to be free of unreasonable searches and seizures. We do not find that the conduct surrounding the defendant's blood test in this case is "shocking to the conscience," as the defendant asserts.

Here, according to the agreed statement of facts, the defendant's injury was significant enough to require ambulance transportation to a hospital. Because of his uncooperative behavior, emergency personnel felt it was necessary to continue restraining him in leather restraints. Thereafter, during emergency treatment the emergency treating physician ordered a blood test. We note also that there is no indication in the record that either the emergency restraints or the physician's blood test order here was a subterfuge procured by the police or any form of State action. Despite the defendant's continuing refusal to consent, we do not find that these circumstances place the case outside the *Schmerber* parameters.

Based on the foregoing, we reverse the judgment of the circuit court of Du Page County.

Reversed.

BOWMAN and McLAREN, JJ., concur.